UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LARRY GRIBLER, suing both individually and as controlling shareholder of THREE AMIGOS SJL, INC, d/b/a CHEETAS GENTLEMENS CLUB & RESTAURANT,

07 Civ. 11436 (NRB/HBP)

Plaintiffs,

-against-

SHIRELL WEISBLAT a/k/a/ SHRIELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC., SELIM ZHERKA a/k/a SAM ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI,

**ANSWER WITH COUNTERCLAIMS**

**Jury Trial Demanded**

Defendants.
----------------------------------------------------------------x

Defendants SHIRELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC., SELIM ZHERKA and STEVE ASLAN, by their attorneys Lovett & Gould, LLP, for their answer and counterclaims respectfully state:

1. Deny paragraphs "1", "3", "4", "5", "6", "10", "11", "13", "14", "15", "16", "17", "18", "19", "21", "22", "23", "24", "25", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "45", "46", "47", "49", "50", "51", "52", "53", "54", "55", "56", "57", "61", "62", "64", "65", "66", "69", "70", "72", "73", "74", "81", "82", "83", "84", "85", "88", "89", "90", "92", "93", "94", "95", "96", "97", "98", "99", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "126", "127", "128", "129", "134", "138", "139", "140", "142", "143", "144", "145", "146", "148", and "149".

2. Deny paragraph "2" except admit that Shirell Weisblat resides at 1385 York Avenue, Apartment 34G, New York, New York.

1

3. Deny paragraph "8", except admit that Defendant Charles Weisblat on or about June 30, 2005, duly organized Three Amigos SJL, Inc. in accordance with New York State law with two hundred shares of stock at no par value. The original filing receipt for the corporation is in Defendant Charles Weisblat's possession, custody and control.

4. Deny paragraph "9" except admit that on or about July 1, 2005, Defendant Charles Weisblat filed a certificate of amendment with the State of New York which certificate increased the number of corporate shares from 200 to 300, all no par value.

5. Admit paragraph "12", but affirmatively state that Gribler forged a document which he presented to Charles Weisblat, falsely proclaiming that it evidenced the conduct of a first meeting of the corporation.

6. Deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraphs "20", "44", "48", "63", "75", "76", "77", "78", "79", "80", "91", "119", "120", "121", "122", "123", "124", "125", "130", "131", and "133".

7. Deny paragraphs "27", "28", "29", "30", and "31", since the "Agreement" was void.

8. Deny paragraphs "42", "43", and "71" since the "Proposed Agreement" was never executed.

9. Deny paragraphs "135" and "136" as no consent was required.

10. Deny paragraph "137" since the "Proposed Agreement" is a nullity.

11. Repeat and reallege with respect to paragraph "87", as if fully set forth, the answers to paragraphs "1" to "86", inclusive.

12. Repeat and reallege with respect to paragraph "100", as if fully set forth, the answers to paragraphs "1" to "99".

13. Repeat and reallege with respect to paragraph 118, as if fully set forth, the answers to paragraphs "1" to "117".

14. Repeat and reallege with respect to paragraph 132, as if fully set forth, the answers to paragraphs "1" to "131".

15. Repeat and reallege with respect to paragraph 141, as if fully set forth, the answers to paragraphs "1" to "130".

16. Repeat and reallege with respect to paragraph 147, as if fully set forth, the answers to paragraphs "1" to "146".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. Plaintiffs are not, as a matter of law, entitled to equitable relief in light of their unclean hands.

### AS AND FOR A FIRST COUNTERCLAIM ON BEHALF OF CHARLES WEISBLAT SHIRELL WEISBLATT AND CHARLIE CASANOVA, INC.

18. Prior to the incorporation of Three Amigos SJL, Inc., Plaintiff entered into an agreement with Charles Weisblat (hereinafter "Weisblat") by reason of which Weisblat agreed to i) procure an optimum commercial real estate premises for the purpose of opening a gentlemen's club; ii) retain architects who, by reason of their specialized experience, would secure from the City of New York a cabaret license and a public assembly permit; iii) retain counsel who, by reason of their specialized experience, would secure a New York State liquor license; iv) design, by reason of his specialized experience, the layout for the club, a circumstance that is critical to the success of a

3

gentlemen's club in New York City; v) by reason of his specialized experience in hiring proper management for club, provide services for marketing for the club, and handle the club's cash flow - - since one-third of the value of the club (in terms of shares to be issued by the corporate entity which would enter into a lease agreement for the premises) and one-third of the club's profit were to be owned by Weisblat's wife, acting through Charlie Casanova, Inc., a close corporation owned by Shirell Weisblat; and *inter alia* incorporate Three "Amigos SJL, Inc. pursuant to which the club would be operated.

19. In connection with the agreement referenced in the preceding paragraph "17", Gribler knowingly and falsely represented, with the intent that Defendants be induced to act in reliance thereon, that he would provide resources of $3.5 million dollars - - of which between $250,000 to $500,000 he knew would be required for purposes of marketing - - to finance the business operation of the club through Three Amigos SJL, Inc. Gribler further agreed that: i) Weisblat's wife, Shirell, would own one-third of the value of Three Amigos, SJL, Inc. and one-third of the corporation's profits; Weisblat, acting through and on behalf of Charlie Casanova, Inc. would hire proper management personnel for the club, hire a proper team to market it, and handle the club's cash flow. In good faith and reasonable reliance upon Gribler's false representations as to his financial capabilities, Defendants were induced to enter into the said agreement with resulting damages as set forth *infra*.

20. In fulfillment of his agreed-upon obligations Weisblat, assisted in part by Aslan: i) procured the optimum commercial real estate premises, to wit 252 West 43rd Street, New York, New York; ii) retained the referenced architects who in fact secured for Three Amigos SJL, Inc. a cabaret license and a public assembly permit from the City

of New York; iii) retained the referenced counsel who secured for Three Amigos SJL, Inc. a liquor license from the State of New York; iv) designed 97% of the club's layout; v) incorporated at his personal expense Three Amigos SJL, Inc. and paid on behalf of the corporation New York State taxes; and vi) was ready, willing and able to hire the management personnel, hire the marketing team, and handle the club's cash flow through Charlie Casanova, Inc. on behalf of and for the benefit of his wife, Shirell.

21. Thereafter Gribler acknowledged to Weisblat and others that his representation as to the $3.5 million dollars available for purposes of investment in the club was fraudulent, that in fact he had substantially less money available for the investment and that he only had available $25,000 for marketing purposes.

22. Given Shirell Weisblat's contractual and/or equitable entitlement to one-third of Three Amigos SJL, Inc.'s shares and one-third of the corporation's profit, she conveyed to: Selim Zherka eight percent of her otherwise one-third entitlements; and to Steve Aslan one percent of her otherwise one-third entitlements.

23. Under these circumstances Gribler then intentionally breached the agreement referenced in paragraphs "17" to "19", inclusive; falsely procured a duplicate corporate kit for Three Amigos, SJL, Inc.; falsely claimed, on the basis of that duplicate kit, that he owned one hundred percent of the shares of the corporation; falsely proclaimed himself to be the President of Three Amigos, SJL, Inc.; refused to recognize Shirell Weisblat's one-third interest in both Three Amigos SJL, Inc. and its profits; prevented Charlie Casanova, Inc. from managing and/or marketing the club; refused to recognize Shirell Weisblat's conveyance to Zheka and/or Asland of the above-referenced percentages of her otherwise one-third interests; falsely denounced Zherka as an interloper and on the

basis of a false report to the New York City Police had Zherka ejected from the club's premises; diverted to himself personally the corporation's profits; and *inter alia* on the basis of his false representation to the New York City Police had Weisblat ejected from the club's premises.

24. By reason of Gribler's breach of contract Defendants have been deprived of their vested contractual and/or equitable rights in both Three Amigos SJL, Inc. and its profits and have otherwise suffered pecuniary and intangible damages.

### AS AND FOR A SECOND COUNTERCLAIM ON BEHALF OF CHARLES WEISBLAT, SHERILL WEISBLAT, AND CHARLIE CASANOVA, INC.

25. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "24", inclusive.

26. Gribler's conduct constituted fraud actionable for compensatory and punitive damages.

### AS AND FOR A THIRD COUNTERCLAIM ON BEHALF OF SELIM ZHERKA AND STEVE ASLAND

27. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "24", inclusive.

28. By reason of Gribler's conduct Defendants have been deprived of their vested contractual and/or equitable rights in both Three Amigos SJL, Inc. and its profits and have otherwise suffered pecuniary and intangible damages.

WHEREFORE a judgment is respectfully requested: dismissing the complaint and on the counterclaims awarding Defendants compensatory damages, punitive damages, declaring that Defendants have a contractual and/or equitable right to one-third of the value of Three Amigos SJL, Inc. (Shirell Weisblatt, twenty-four and one-third percent; Selim Zherka, eight percent, and Steve Aslan, one percent) and one-third of the profits of that corporation; directing the issuance to them of shares of Three Amigos SJL, Inc. representing their respective interests in that corporation; along with costs and such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      January 9, 2008

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Defendants Shirell Weisblat,
  Charles Weisbalt, Charlie Casanova, Inc.,
  Selim Zherka, and Steve Aslan.
222 Bloomingdale Road
New York, New York 10605
914-428-8401