LAW OFFICES OF PAUL J. GIACOMO, JR.
Attorneys for Plaintiffs Larry Gribler and Three Amigos SJL, Inc.
405 Lexington Avenue, 37th Floor
New York, New York 10174
(212) 486-0200

Paul J. Giacomo, Jr., Esq. (PG8774)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LARRY GRIBLER, suing both individually and
as controlling shareholder of THREE AMIGOS SJL,
INC. d/b/a CHEETAHS GENTLEMEN'S CLUB,

                                        07 Civ. 11436 (nrb)

                    Plaintiff,

     -against-

SHIRELL WEISBLAT, aka SHRIELL
WEISBLAT, CHARLES WEISBLAT,         **NOTICE OF**
CHARLIE CASANOVA, INC.,              **MOTION**_____
SELIM ZHERKA, STEVE ASLAND,
and MEHLER & BUSCEMI,

                    Defendants.

------------------------------------------------------------------x

     **PLEASE TAKE NOTICE,** that upon the annexed affirmation of Paul J. Giacomo, Jr.,

Esq., dated January 22, 2008, and the Exhibits annexed thereto, Plaintiffs will move at the United

States Courthouse located at a time and a place to be determined or as soon thereafter as counsel

can be heard, for an Order remanding the above entitled action to the Supreme Court of the State

of New York, County of New York, and granting such other and further relief as this Court may

deem just and proper

     **PLEASE TAKE FURTHER NOTICE,** that pursuant to FRCP Rule 6(d), answering

affidavits shall be served at least one (1) day before the time at which the motion is noticed to be

heard. If service is made under FRCP Rule 5(b)(2)(B), (C), or (D), 3 days are to be added to this

period.

Dated: New York, New York
       January 22, 2008

                    Respectfully submitted,

                    By: Paul J. Giacomo, Jr. (PG8774)
                    Law Offices of Paul J. Giacomo, Jr.
                    Attorneys for Plaintiff
                    405 Lexington Avenue, 37th Floor
                    New York, New York 10174
                    (212) 486-0200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

LARRY GRIBLER, suing both individually and
as controlling shareholder of THREE AMIGOS SJL,
INC. d/b/a CHEETAHS GENTLEMEN'S CLUB,

                                Plaintiff,

    -against-

SHIRELL WEISBLAT, aka SHRIELL
WEISBLAT, CHARLES WEISBLAT,
CHARLIE CASANOVA, INC.,
SELIM ZHERKA, STEVE ASLAND,
and MEHLER & BUSCEMI,

                             Defendants.

------------------------------------------------------------------x

07 Civ. 11436 (nrb)

**AFFIRMATION OF**
**PAUL J. GIACOMO, JR.** _____

       PAUL J. GIACOMO, JR., ESQ., an attorney duly admitted to practice law before the

Courts of the State of New York, affirms the following under the penalties of perjury:

       1.     I am the principal of the Law Offices of Paul J. Giacomo, Jr., attorneys for

Plaintiffs LARRY GRIBLER and THREE AMIGOS SJL, INC. in the above-captioned action,

and as such, I am fully familiar with the facts and circumstances surrounding this matter.

       2.     Plaintiff LARRY GRIBLER is an individual residing at 12 Green Farms Road,

Andover, New Jersey, is the sole shareholder of the Plaintiff THREE AMIGOS SJL INC., a

domestic business corporation duly organized and existing pursuant to the laws of the State of

New York, with its principal place of business located 252 West 43rd Street, New York, New

York 10036.

       3.     THREE AMIGOS SJL INC. (hereinafter sometimes the "Corporation") operates a

business known as the CHEETAHS GENTLEMENS CLUB & RESTAURANT at 252 West 43rd

Street, New York, New York 10036 (hereinafter referred to as "CHEETAHS").

4.      Defendant SHIRELL WEISBLAT is an individual residing at 1385 York Avenue, Apt. 34G, New York, New York and she alleges to be a minority shareholder of THREE AMIGOS SJL INC.

5.      Defendant CHARLES WEISBLAT is an individual residing at 1385 York Avenue, Apt. 34G, New York, New York., and is the husband of the Defendant SHIRELL WEISBLAT.

6.      Upon information and belief, the Defendant CHARLES WEISBLAT is an officer, a director and shareholder of the Defendant corporation named CHARLIE CASANOVA, INC., a domestic business corporation duly organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 222 Merrick Road, Rockville Centre, New York 11570. At all times herein relevant CHARLIE CASANOVA, INC. was the alter-ego of the Defendant CHARLES WEISBLAT.

7.      Defendant SELIM ZHERKA is an individual residing at 250 North Avenue, New Rochelle, New York and he alleges to be a minority shareholder of THREE AMIGOS SJL INC. The Defendant SELIM ZHERKA claims to have obtained his interest in THREE AMIGOS SJL INC. by purchasing it from the Defendant SHIRELL WEISBLAT.

8.      Defendant STEVE ASLAND is an individual residing at 2900 Milton Place, Bronx, New York 10465 who has worked as a manager at the cabaret club operated by of THREE AMIGOS SJL INC. known as the Cheetah's Gentlemen's Club.

9.      Defendant MEHLER & BUSCEMI is a law firm with its principal office located at 305 Broadway, Suite 1102, New York, New York 10007.

10.     This action was commenced in the Supreme Court of the State of New York, County of New York and issued an index number of 603794/2007 on November 15, 2007. The action was titled "LARRY GRIBLER, suing both individually and as controlling shareholder of

THREE AMIGOS SJL, INC. d/b/a CHEETAHS GENTLEMEN'S CLUB, v. SHIRELL

WEISBLAT, aka SHRIELL WEISBLAT, CHARLES WEISBLAT d/b/a CHARLIE

CASANOVA, INC. SELIM ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI.

11.    Defendants Steve Asland and Mehler & Buscemi were served with a copy of the

Summons and Complaint on December 3, 2007; Defendants Shirell Weisblat a/k/a Shriell

Weisblat and Charles Weisblat were served on December 4, 2007; Defendant Charlie Casanova,

Inc. was served pursuant to the Business Corporation Law on December 11, 2007. Defendant

Selim Zherka, a/k/a Sam Zherka was served, after numerous attempts, on January 12, 2008.

Annexed hereto as **Exhibit A** are the Affidavits of Service.

12.    On December 20, 2007, some Defendants Shirell Weisblat a/k/a Shriell Weisblat,

Charles Weisblat, Charlie Casanova, Inc., Selim Zherka a/k/a Sam Zherka, and Steve Asland

filed their Notice of Removal. On December 26, 2007, the plaintiff's counsel received the

Notice of Removal annexed without exhibits hereto as **Exhibit B**.

13.    On December 17, 2007, Kristopher Dennis, of Kaufman Borgeest & Ryan LLP,

contacted the Plaintiff's counsel representing Defendant Mehler & Buscemi. Mr. Dennis has

subsequently been in contact with our office, including a request for an extension of time to

answer the above-referenced Complaint that initiated this action.

14.    Defendant Mehler & Buscemi has made no representation known to the Plaintiff,

or even any reference cited by some Defendants Shirell Weisblat a/k/a Shriell Weisblat, Charles

Weisblat, Charlie Casanova, Inc., Selim Zherka a/k/a Sam Zherka, and Steve Asland, that

Defendant Mehler & Buscemi consents to the removal.

15.    The procedural requirements for removal under 28 USC § 1446 are strictly

enforced. These requirements include, *inter alia*, the unanimity requirement of joinder by all

defendants. (See Memorandum of Law.)

16.    Defendants Shirell Weisblat a/k/a Shriell Weisblat, Charles Weisblat, Charlie Casanova, Inc., Selim Zherka a/k/a Sam Zherka, and Steve Asland did not at any point indicate that Defendant Mehler & Buscemi joined in the removal action.

17.    Some of the Defendants assert in their Notice of Removal that there is complete diversity between Plaintiffs and Defendants. Yet Three Amigos SJL, Inc. is a New York corporation. Defendant Charlie Casaona, Inc. is, upon information and belief, a New York corporation. Defendants Charlie Weisblat, Shirell Weisblat, Selim Zherka, and Steve Asland, upon information and belief, all reside in New York State. Defendant Mehler & Buscemi, upon information and belief, maintains an office at 305 Broadway, New York, New York.

18.    In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. (See Memorandum of Law.) Clearly, complete diversity does not exist between Plaintiffs and Defendants.

WHEREFORE, the instant motion should be granted in its entirety and an Order should be entered (1) remanding the action to the Supreme Court of New York, County of New York pursuant to the United States Code (U.S.C.) § 1447, and; (2) and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
         January 22, 2008

LAW OFFICES OF PAUL J. GIACOMO, JR.

_____
By: Paul J. Giacomo, Jr. (PG8774)
Attorneys for Plaintiffs
The Chrysler Building
405 Lexington Avenue, 37th Floor
New York, New York 10174
(212) 486-0200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
LARRY GRIBLER, suing both individually and
as controlling shareholder of THREE AMIGOS SJL,
INC. d/b/a CHEETAHS GENTLEMEN'S CLUB,

                                                      07 Civ. 11436 (nrb)

                              Plaintiff,

        -against-

SHIRELL WEISBLAT, aka SHRIELL
WEISBLAT, CHARLES WEISBLAT,
CHARLIE CASANOVA, INC.,
SELIM ZHERKA, STEVE ASLAND,
and MEHLER & BUSCEMI,

                       Defendants.

---------------------------------------------------------------------x

## PLAINTIFFS LARRY GRIBLER'S AND THREE AMIGOS SJL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND TO STATE COURT PURSUANT TO 28 USC § 1446

### PRELIMINARY STATEMENT

The within Memorandum of Law is submitted in support of the instant motion of Plaintiffs

LARRY GRIBLER and THREE AMIGOS SJL, INC. seeking an order and/or judgment (1)

remanding the action to the Supreme Court of New York, County of New York pursuant to the

United States Code (U.S.C.) § 1447; and (2) and for such other and further relief as this Court

deems just and proper under the circumstances.

### STATEMENT OF FACTS

The facts underlying the instant application will not be restated herein, but rather, the

Court is respectfully referred to the accompanying Affirmation of Paul J. Giacomo, Jr., Esq.

sworn to on January 18, 2008, and the Exhibits annexed thereto, for a full and complete recitation of the facts underlying this motion.

## REQUIREMENTS OF 28 U.S.C. §§ 1441(a) AND 1446

1.    28 U.S.C. § 1446 provides, in pertinent part:

    (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

    (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2.    U.S.C. § 1447 provides, in pertinent part:

    (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

2

remanded. An order remanding the case may require payment of just costs and any

actual expenses, including attorney fees, incurred as a result of the removal. A

certified copy of the order of remand shall be mailed by the clerk to the clerk of the

State court. The State court may thereupon proceed with such case.

3.    This Motion for Remand has been filed within thirty days of removal; all

procedural and jurisdictional objections are timely.


## LEGAL STANDARDS GOVERNING REMOVAL

**A. The Court Must Satisfy Itself that Federal Subject Matter Jurisdiction is Proper or Remand the Action.**

4.    The district court must be certain that federal subject matter jurisdiction is proper

and dismiss or remand cases not properly before it. See, e.g., Marathon Oil Cp. v. Ruhrgas, A.G.,

115 F.3d 315 (5th Cir. 1997) (remanding, concluding that "constitutional and statutory authority

and the overwhelming body of precedent [command] all federal courts to scrutinize assiduously

subject matter jurisdiction at each stage of litigation, trial and appellate, and to dismiss cases not

properly before us"); Bank of Tokya-Mitsubishi v. Kvaerner, 243 A.D.2d 1 (1st Dept 1998).

5.    If the district court at any time determines that it lacks jurisdiction over the

removed action, it must remedy the improvident grant of removal by remanding the action to state

court. 28 U.S.C. § 1447; see eg. MARTIN v. FRANKLIN CAPITAL CORP., 546 U.S. 132

(U.S. 2005); regarding the right of removal: "A remand is necessary if a defendant improperly

asserts this right," G & H PARTNERS AG v. WEXTRUST CAPITAL, LLC (S.D.N.Y. 1-4-

2008); BELLO v. CSX CORPORATION (S.D.N.Y. 9-11-2007). Because the existence of

federal subject matter jurisdiction is a constitutional requirement, there is substantial case law to

3

the effect that the district court may remand a removed case in which the lack of subject matter

jurisdiction is discovered at any time prior to the entry of judgment. 28 U.S.C. § 1447.

6.       Although this motion is filed within thirty days to preserve procedural objections,

any issues respecting jurisdictional infirmities remain open for consideration until entry of

judgment.


**B. The Burden of Establishing Removal Jurisdiction is On the Party Seeking Removal,** *Not*

**the Party Seeking Remand to State Court.**

7.       It is also well-settled under the case law that the burden is on the party seeking to

preserve the district court's removal jurisdiction (here some Defendants Shirell Weisblat, aka

Shriell Weisblat, Charles Weisblat, Charlie Casanova, Inc. Selim Zherka, and Steve Asland), not

the party moving for remand to state court (here, Plaintiffs), to show that the requirements for

removal have been met. Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2nd Cir. 2006) "An old

proverb teaches that 'Heaven suits the back to the burden.' …It is well-settled that the party

asserting federal jurisdiction bears the burden of establishing jurisdiction." *See also*, Hughes v. La

Salle Bank, 06-3778-cv (2nd Cir. 11-19-2007) Pinson v. Knoll, Inc., (S.D.N.Y. 6-18-2007) "A

removing party must establish that the federal courts have jurisdiction "to a reasonable

probability." The removal statute is strictly construed against removal and the burden of

establishing federal jurisdiction falls to the party invoking the statute.

8.       When there is doubt as to the right to removal in the first instance, ambiguities are

to be construed against removal. Groman v. Cola (S.D.N.Y. 11-7-2007); "As removal is a

statutory and not constitutional prerogative, federal courts must narrowly construe removal

jurisdiction in favor of the non-removing party to prevent intrusion on the sovereignty of state

courts to decide cases properly before them." *See also*, Shamrock Oil Corp. v. Sheets, 313 U.S.

100, 107-09, (1941); Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp. 2d 376, 378

(S.D.N.Y. 2000).

**SUMMARY OF GROUNDS FOR REMAND.**

**A. Procedural Grounds.**

**1. *Removal Requires Unanimity Among Defendants.***

9.      The procedural requirements for removal under 28 USC § 1446 are strictly

enforced. These requirements include, *inter alia*, the unanimity requirement of joinder by all

defendants. This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the

defendant or the defendants" may remove the case. The courts have read these words to mean

that if there is more than one defendant, then the defendants must act collectively and

unanimously to remove the case. In Re Methyl Tertiary, 488 F.3d 112 (2nd Cir. 2007); "removal

on the basis of preemption or a substantial federal question— unlike removal under the federal

officer or bankruptcy removal statutes — requires the consent of all defendants." *See also*

Chicago, Rock Island & Pac. R.R. Co. v. Martin, 178 U.S. 245, 247-48, 20 S.Ct. 854, 44 L.Ed.

1055 (1900); 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice

and Procedure § 3731, at 258 (3d ed.1998).

10.     The Notice of Removal by some Defendants Shirell Weisblat a/k/a Shriell

Weisblat, Charles Weisblat, Charlie Casanova, Inc., Selim Zherka a/k/a Sam Zherka, and Steve

Asland does not represent that Defendant Mehler & Buscemi consents to the removal.

11.     Therefore, the Notice is flawed on its face and the action should be remanded.


**B. Lack of Subject Matter Jurisdiction**

**1. *The presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.***

12.     Federal courts are courts of limited jurisdiction.     They possess only that power authorized by Constitution and statute. District courts may not exercise jurisdiction absent a statutory basis. EXXON MOBIL CORP. v. ALLAPATTAH SERVICES, INC., 545 U.S. 546 (2005) "Incomplete diversity destroys original jurisdiction with respect to all claims, leaving nothing to which supplemental claims can adhere;" *see also*, KOKKONEN v. GUARDIAN LIFE INS. CO. OF AMER., 511 U.S. 375 (1994); CATERPILLAR INC. v. LEWIS, 519 U.S. 61 (1996).

13.     But in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. EXXON MOBIL CORP. v. ALLAPATTAH SERVICES, INC., 545 U.S. 546 (2005).

14.     Some of the Defendants assert in their Notice of Removal that there is complete diversity between Plaintiffs and Defendants. Yet Three Amigos SJL, Inc. is a New York corporation and, upon information and belief, all of the Defendants are considered citizens of the State of New York (See Affirmation of Paul J. Giacomo, Jr. dated January 18, 2008). In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. Clearly, complete diversity does not exist between Plaintiffs and Defendants.

6

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court grant the instant

motion in its entirety.

Dated: New York, New York
       January 22, 2008

                                        Respectfully submitted,

                                        _____
                                        By: Paul J. Giacomo, Jr. (PG8774)
                                        Law Offices of Paul J. Giacomo, Jr.
                                        Attorneys for Plaintiff
                                        405 Lexington Avenue, 37th Floor
                                        New York, New York 10174
                                        (212) 486-0200

**Exhibit A**

*Docket No.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LARRY GRIBLER, suing both individually and as
controlling shareholder of THREE AMIGOS SJL, INC,
d/b/a CHEETAS GENTLEMENS CLUB &
RESTAURANT,



FILED

DEC 2 0 2007

USDC WP SDNY

07 Civ.        (    )

                            Plaintiffs,

                    -against-                              **NOTICE OF REMOVAL**

SHIRELL WEISBLAT a/k/a/ SHRIELL WEISBLAT,
CHARLES WEISBLAT, CHARLIE CASANOVA,
INC., SELIM ZHERKA a/k/a SAM ZHERKA,
STEVE ASLAND, and MEHLER & BUSCEMI,

                            Defendants.
-----------------------------------------------------------x

## '07 CIV 11436

## JUDGE BUCHWALD

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441(a) and 1446 this

civil action be and the same hereby is removed from Supreme Court of the State of New

York, County of New York, to the United States District Court for the Southern District

of New York on the basis of complete diversity of citizenship of the parties. Annexed

hereto is a copy of the summons, complaint, along with exhibits contained therein, which

have been served on Defendants Shirell Weisblat, Charles Weisblat, Charlie Casanova,

Inc., Selim Zherka, and Steve Asland.

Dated: White Plains, N.Y.
       December 19, 2007

                            LOVETT & GOULD, LLP
                            By:
                            Jonathan Lovett (4854)
                            Attorneys for Defendants Shirell Weisblat,
                              Charles Weisbalt, Charlie Casanova, Inc.,
                              Selim Zherka, and Steve Asland.
                            222 Bloomingdale Road
                            New York, New York 10605
                            914-428-8401

LARRY GRIBLER, suing both individually and as controlling shareholder of THREE AMIGOS SJL, INC., d/b/a CHEETAH GENTLEMENS CLUB and RESTAURANT,

Plaintiffs,

-against-

SHIRELL WEISBLAT a/k/a/ SHRIELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC., SELIM ZHERAK a/k/a SAM ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI,

Defendants.

---

## NOTICE OF REMOVAL

---

### LOVETT & GOULD, LLP

*Attorneys for*     *Defendants Weisblat, Casanova, Zherka & Asland*
**222 BLOOMINGDALE ROAD**
**WHITE PLAINS, NEW YORK 10605**
**(914) 428-8401**
**FAX (914) 428-8916**

---

*TO:*

*Attorney(s) for*

*Service of a copy of the within*                                                                 *is hereby admitted.*

*Dated:*

_____

*Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐         *that the within is a true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*          *19*
ENTRY

☐         *that an Order of which the within is a true copy will be presented for settlement to the Hon.*     NOTICE
OF        *one of the judges of the within named Court, on*          *1998, at*     *m.*
SETTLEMENT

*Dated:*

### LOVETT & GOULD, LLP

*Attorneys for*

**222 BLOOMINGDALE ROAD**
**WHITE PLAINS, NEW YORK 10605**

*To:*

*Attorney(s) for*

# Exhibit B

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
COUNTY OF NEW YORK    SUPREME    COURT    FILED ON: 11/15/2007

FILE NO.: 0710363
INDEX NO.: 603794-07

LARRY GRIBLER, suing both individually and as controlling shareholder of the THREE
AMIGOS SJL INC. d/b/a CHEETAHS GENTLEMENS CLUB & RESTAURANT

Plaintiff(s)-Petitioner(s)

-vs-

SHIRELL WEISBLAT A/K/A SHRIELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA,
INC. SELIM ZHERKA A/K/A SAM ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SCHENECTADY ss.}

I, Mark E. McClosky being duly sworn, deposes and says that deponent is over the age of eighteen years, is
not a party in this proceeding and resides in New York State.

On DECEMBER 11, 2007    at 11:55 A.M.
Deponent served two true copies of **SUMMONS, VERIFIED COMPLAINT**
bearing index number:  603794-07    and date of filing:    11/15/2007
upon  **CHARLIE CASANOVA, INC.**
at address:  **SECRETARY OF STATE, 41 STATE STREET**
City & State:  **ALBANY, NY 12207**

**MANNER OF SERVICE}**

*PERSONAL*

☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*SUITABLE AGE PERSON*

☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after
conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*AUTHORIZED AGENT*

☒ By delivering and leaving 2 copies with} **DONNA CHRISTIE**
the agent for service on the person in this proceeding designated under Rule306 BCL and tendering the required fee.
Service having been made to such person at the place, date and time above.

*AFFIXING TO DOOR, ETC.*

☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
Deponent was unable with due diligence to find the proper or authorized    person to be served, or a person of suitable age and
discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the
following dates and times:

*MAILING*

☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository
under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential"
and mailed to the person stated above at address
on    . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action
against the recipient. The envelope was mailed by __first class mail __certified mail __registered mail __return receipt requested.

Deponent further states upon information and belief that said person so served is not in the Military service
of the State of New York or the United States as the term is defined in either State or Federal statutes.

DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE    Race/Skin Color:  WHITE    Hair Color:  BLONDE
Approximate Age: 47  years    Approximate Height:  5'4"    Approximate Weight: 140  pounds
Other:

NEW YORK
COUNTY CLERKS OFFICE

Subscribed and sworn before me on}  DECEMBER 11, 2007

Kathryn E. Rock #01R06065213
Notary Public, State of New York
Qualified in Schenectady County
Commission Expires: 10/09/2009

Kathryn A. Rock-McClosky
Commissioner of Deeds
Qualified in Schenectady County
Commission Expires: 08/27/2014

Attorney:
The Law Offices of Paul J.
Giacomo, Jr.
The Chrysler Building
405 Lexington Avenue, 37th Floor
New York, NY 10174

Mark E. McClosky
Deponent

affidavit number: 200773262

FIRM FILE #9764538

STATE OF NEW YORK                   NEW YORK  COUNTY                          SUPREME        COURT
ATTORNEY(S): PAUL J. GIACOMO, JR. , . . . ,
ADDRESS: 405 LEXINGTON AVENUE, NEW YORK , NY 10174    PH#:(212) 486-0200

*LARRY GRIBLER, suing both individually and as a controlling shareholder of THREE AMIGOS SJL INC. d/b/a CHEETAHS GENTLEMENS CLUB & RESTAURANT,*

vs                                                                           **AFFIDAVIT OF SERVICE**
                                                    Plaintiff(s)/Petitioner(s)   INDEX #: 603794-07
*SHIRELL WEISBLAT a/k/a SHRIELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC.,  SELIM ZHERKA a/k/a SAM*   FILED ON: November 15, 2007
*ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI.*                                  **NEW YORK**
                                                    Defendant(s)/Respondent(s)   NEW YORK COUNTY CLERKS OFFICE

County of __SUFFOLK__ , State of __New York__    I, __CLAUDE BROWN__        being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age and resides in the State of ____ New York
On __12/4/2007__ at __5:15PM__                                                 DEC 13 2007
at __1385 YORK AVENUE, APT. 34G, NEW YORK, NY 10021__
deponent served the within  SUMMONS AND VERIFIED COMPLAINT                      NOT COMPARED
                                                                               WITH COPY FILE
bearing Index # __603794-07__  and filed on __November 15, 2007__
ON: **CHARLES WEISBLAT**

INDIVIDUAL       by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person
  [ ]            described as said person therein.

CORPORATION  A                                       , by delivering thereat a true copy of each to
  [ ]                                                personally, deponent knew said
                 so served to be the                 described as the named defendant and knew
                 said individual to be the authorized agent thereof.

SUITABLE AGE     by delivering a true copy of each to    "JOHN DOE"-CONCIERGE      a person of suitable age and discretion
PERSON           Said premises is recipient's  [ ] actual place of business    [X] dwelling house (usual place of abode) within the state.
  [X]            I asked the person spoken to whether the defendant actually resides/is employed at these premises and received
                 an affirmative reply.

AFFIXING         by affixing a true copy of each to the door of said premises, which is recipient's   [ ] actual place of business
TO               [ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient
  [ ]            or a person of suitable age and discretion, having called thereat
                 Day_____Date_____Time_____Day_____Date_____Time_____
                 Day_____Date_____Time_____Day_____Date_____Time_____
                 Verification:

MAILING          Deponent's agent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient
COPY             at the recipient's last known  [X] residence  [ ] place of employment at: __1385 YORK AVENUE, APT. 34G, NEW YORK, NY__
  [X]            and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of
                 the U. S. Postal Service within the State of   New York        on __12/7/07__
                 [ ] The mailing was made by certified mail (Receipt No._____)
                 [ ] and with return receipt requested,     and/ X  or First Class Mail, marked personal and confidential.

DESCRIPTION      A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
  [X]            Sex _male_  Race/skin _white_  Color of hair _black_  Approx. Age _30-40_  Approx. Height _5'8"-6'_
                 Approx. weight _170-200_  Other _refused to provide full name_ , WOUld NOt AllOW ACCESS TO APt.

WITNESS FEES
  [ ]            $ _____the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.
PHOTO
  [ ]            Deponent was able to identify recipient from annexed photo.
MILITARY
SERVICE          Deponent asked person spoken to whether the recipient was presently in or dependent upon someone currently in
  [X]            military service of the United States Government or in the State of        New York    and was informed he/she was not.

Sworn to before me on this

__11th__ day of _December_    _2007_

_James Anthony Bascelli_

                                                      CLAUDE BROWN            NATIONWIDE PROCESS SERVICE
                                                                             4250 Veterans Memorial Hwy. Suite 4000
James Anthony Bascelli                                                       Holbrook, NY 11741
Notary Public, State of New York                                            631-981-4400
No. 01PA6061647                                       0989767
Qualified in Suffolk County                           Process Server's Lic #          JP
Commission Expires July. 16 20 11                                            Client Reference #: WEISBLAT

                                                                             Invoice/WorkOrder # 9784540

STATE OF NEW YORK          NEW YORK  COUNTY                    SUPREME    COURT
ATTORNEY(S): PAUL J. GIACOMO, JR. , . . .
ADDRESS: 405 LEXINGTON AVENUE,  NEW YORK , NY 10174    PH#:(212) 486-0200          COPY

*LARRY GRIBLER, suing both individually and as controlling shareholder of THREE AMIGOS SJL INC. d/b/a CHEETAHS GENTLEMENS CLUB & RESTAURANT,*

                                                      Plaintiff(s)/Petitioner(s)    **AFFIDAVIT OF SERVICE**
vs                                                                                   INDEX #: 603794-07
                                                                                     FILED ON:  November 15, 2007
*SHIRELL WEISBLAT a/k/a SHRIELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC., SELIM ZHERKA a/k/a SAM ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI,*    **NEW YORK**

                                                      Defendant(s)/Respondent(s)    **NEW YORK COUNTY CLERKS OFFICE**
County of  SUFFOLK   , State of   NEW YORK   ,   I,   CLAUDE BROWN   being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age and resides in the State of _____ NEW YORK
On    12/4/2007    at    5:15PM                                                     DEC 13 2007
at   1385 YORK AVENUE, APT. 34G, NEW YORK, NY 10021
deponent served the within   SUMMONS AND VERIFIED COMPLAINT                          **NOT COMPARED**
                                                                                     **WITH COPY FILE**
bearing Index #  603794-07    and filed on   November 15, 2007
ON:  SHIRELL WEISBLAT  A/K/A  SHRIELL WEISBLAT

INDIVIDUAL       by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person
[ ]              described as said person therein.

CORPORATION  A                                       , by delivering thereat a true copy of each to
[ ]                                                  personally, deponent knew said
                 so served to be the                          described as the named defendant and knew
                 said individual to be the authorized agent thereof.

SUITABLE AGE     by delivering a true copy of each to   "JOHN DOE"-CONCIERGE          a person of suitable age and discretion
PERSON           Said premises is recipient's   [ ] actual place of business   [X] dwelling house (usual place of abode) within the state.
[X]              I asked the person spoken to whether the defendant actually resides/is employed at these premises and received
                 an affirmative reply.

AFFIXING         by affixing a true copy of each to the door of said premises, which is recipient's   [ ] actual place of business
TO               [ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient
[ ]              or a person of suitable age and discretion, having called thereat
                 Day_____Date_____Time_____Day_____Date_____Time_____
                 Day_____Date_____Time_____Day_____Date_____Time_____
                 Verification:

MAILING          Deponent's agent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient
COPY             at the recipient's last known   [X] residence  [ ] place of employment at:   1385 YORK AVENUE, APT. 34G, NEW YORK, NY
[X]              and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of
                 the U. S. Postal Service within the State of   NEW YORK           on     12/7/07
                 [ ] The mailing was made by certified mail (Receipt No._____)
                 [ ] and with return receipt requested,       and/ X  or First Class Mail, marked personal and confidential.

DESCRIPTION      A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
[X]              Sex male    Race/skin white    Color of hair black    Approx. Age 30-40    Approx. Height  5'9"-6'
                 Approx. weight  170-200  Other  refused to provide full name   WOULD NOT GIVOW GLASSFO GO1

WITNESS FEES
[ ]              $_____the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.
PHOTO
[ ]              Deponent was able to identify recipient from annexed photo.
MILITARY
SERVICE          Deponent asked person spoken to whether the recipient was presently in or dependent upon someone currently in
[X]              military service of the United States Government or in the State of  ─  NEW YORK  and was informed he/she was not.

Sworn to before me on this

11th   day of   December , 2007                                                              *Claude Brown*

      James Anthony Passarelli                       CLAUDE BROWN                    **NATIONWIDE PROCESS SERVICE**
      James Anthony Passarelli                                                       4250 Veterans Memorial Hwy. Suite 4000
      Notary Public, State of New York                0989767                        Holbrook, NY 11741
      No. 01PA6061647                              Process Server's Lic #            631-981-4400
      Qualified in Suffolk County                                                    JP
      Commission Expires July, 16 20, ??                                             Client Reference #: WEISBLAT

                                                                                     InvoiceWorkOrder #  9784531

**STATE OF NEW YORK**          NEW YORK COUNTY                    SUPREME   COURT

ATTORNEY(S): PAUL J. GIACOMO, JR.,

ADDRESS: 405 LEXINGTON AVENUE, NEW YORK , NY 10174     PH#:(212) 486-0200

*LARRY GRIBLER, suing both individually and as controlling shareholder of THREE AMIGOS SJL INC. d/b/a CHEETAHS GENTLEMENS CLUB & RESTAURANT,*

vs

AFFIDAVIT OF SERVICE
INDEX #: 603794-07
FILED ON: November 15, 2007

*Plaintiff(s)/Petitioner(s)*

*SHIRELL WEISBLAT a/k/a SHRIELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC., SELIM ZHERKA a/k/a SAM ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI,*

*Defendant(s)/Respondent(s)*

County of __SUFFOLK__ , State of __New York__ , I, __CLAUDE BROWN__ being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of __New York__ NEW YORK

On__12/3/2007__ at__5:35PM__,                                            COUNTY CLERKS OFFICE

at __2900 MILTON PLACE, BRONX, NY 10465__
deponent served the within  **SUMMONS AND VERIFIED COMPLAINT**

DEC 1 2 2007

bearing Index # __603794-07__  and filed on __November 15, 2007__

ON: **STEVE ASLAND**

**INDIVIDUAL**
[ ]
NOT COMPARED
WITH COPY FILED

by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said person therein.

**CORPORATION** A
[ ]
, by delivering thereat a true copy of each to
personally, deponent knew said
so served to be the                                      described as the named defendant and knew
said individual to be the authorized agent thereof.

**SUITABLE AGE PERSON**
[X]
by delivering a true copy of each to  **ZOE ASLAND-CO TENANT**  a person of suitable age and discretion
Said premises is recipient's  [ ] actual place of business   [X] dwelling house (usual place of abode) within the state.
I asked the person spoken to whether the defendant actually resides/is employed at these premises and received an affirmative reply.

**AFFIXING TO**
[ ]
by affixing a true copy of each to the door of said premises, which is recipient's   [ ] actual place of business
[ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient
or a person of suitable age and discretion, having called thereat

Day_____Date_____Time_____Day_____Date_____Time_____
Day_____Date_____Time_____Day_____Date_____Time_____
Verification:

**MAILING COPY**
[x]
Deponent's agent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient
at the recipient's last known  [X] residence [ ] place of employment at:__2900 MILTON PLACE, BRONX, NY 10465__
and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of
the U. S. Postal Service within the State of   New York          on__12/6/07__
[ ] The mailing was made by certified mail (Receipt No._____)
[ ] and with return receipt requested,      and/ X  or First Class Mail, marked personal and confidential.

**DESCRIPTION**
[X]
A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex __female__  Race/skin __white__  Color of hair __blonde__  Approx. Age __60-65__  Approx. Height __5'2"-5'6"__
Approx. weight __150-160__ Other __mother__

**WITNESS FEES**
[ ]
$_____the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

**PHOTO**
[ ]
Deponent was able to identify recipient from annexed photo.

**MILITARY SERVICE**
[X]
Deponent asked person spoken to whether the recipient was presently in or dependent upon someone currently in
military service of the United States Government or in the State of      New York    and was informed he/she was not.

Sworn to before me on this

__10th__ day of __December__, __2007__

James Anthony Passarelli
Notary Public, State of New York
No. 01PA6061647
Qualified in Suffolk County
Commission Expires July, 10 20 ??

**CLAUDE BROWN**

0989767
Process Server's Lic #

NATIONWIDE PROCESS SERVICE
4250 Veterans Memorial Hwy. Suite 4000
Holbrook, NY 11741
631-981-4400

JP
Client Reference #: WEISBLAT

Invoice/WorkOrder # 9784532

STATE OF NEW YORK                  NEW YORK COUNTY                    SUPREME    COURT

ATTORNEY(S):PAUL J. GIACOMO, JR. , . . . .

ADDRESS: 405 LEXINGTON AVENUE, NEW YORK , NY 10174    PH#:(212) 486-0200

LARRY GRIBLER, suing both individually and as controlling shareholder of THREE AMIGOS SJL INC. d/b/a CHEETAHS GENTLEMENS CLUB & RESTAURANT,

vs                                                Plaintiff(s)/Petitioner(s)

**AFFIDAVIT OF SERVICE**
INDEX #: 603794-07
FILED ON: November 15, 2007

SHIRELL WEISBLAT a/k/a SHRIELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC., SELIM ZHERKA a/k/a SAM ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI,

                                      Defendant(s)/Respondent(s)

**NEW YORK COUNTY CLERKS OFFICE**

County of __SUFFOLK__ , State of __New York__    I, __LAURANCE KNOX__ being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of __New York__

On __12/3/2007__ at __2:00PM__
at __305 BROADWAY, SUITE 1102, NEW YORK, NY 10007__ deponent served the within SUMMONS AND VERIFIED COMPLAINT

DEC 12 2007

bearing index # __603794-07__ and filed on __November 15, 2007__
ON: **MEHLER & BUSCEMI**

NOT COMPARED
WITH COPY FILE

INDIVIDUAL
[ ]    by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

CORPORATION A  **Legal Agency**          , by delivering thereat a true copy of each to
[X]    **MARTIN P. MEHLER-AUTHORIZED AGENT**    personally, deponent knew said  Legal Agency
so served to be the  Legal Agency       described as the named defendant and knew
said individual to be the authorized agent thereof.

SUITABLE AGE
PERSON
[ ]    by delivering a true copy of each to                  a person of suitable age and discretion
Said premises is recipient's  [ ]actual place of business    [ ]dwelling house (usual place of abode) within the state.
I asked the person spoken to whether the defendant actually resides/is employed at these premises and received an affirmative reply.

AFFIXING
TO
[ ]    by affixing a true copy of each to the door of said premises, which is recipient's  [ ] actual place of business
[ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
Day_____Date_____Time_____Day_____Date_____Time_____
Day_____Date_____Time_____Day_____Date_____Time_____
Verification;

MAILING
COPY
[ ]    Deponent's agent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient at the recipient's last known [ ]residence [ ] place of employment at:___305 BROADWAY, SUITE 1102, NEW YORK, NY__ and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the U. S. Postal Service within the State of  New York      on _____
[ ] The mailing was made by certified mail (Receipt No._____)
[ ] and with return receipt requested,    and/    or First Class Mail, marked personal and confidential.

DESCRIPTION
[X]    A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex male___ Race/skin white___ Color of hair blk/grey___ Approx. Age 45-50___ Approx. Height 6'-6'3"___
Approx. weight 240-250 Other was wearing eyeglasses

WITNESS FEES
[ ]    $ _____the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

PHOTO
[ ]    Deponent was able to identify recipient from annexed photo.

MILITARY
SERVICE
[ ]    Deponent asked person spoken to whether the recipient was presently in or dependent upon someone currently in military service of the United States Government or in the State of    New York    and was informed he/she was not.

Sworn to before me on this
__10th__ day of __December__ __2007__

James Anthony Passarelli
Notary Public, State of New York
No. 01PA6061647
Qualified in Suffolk County
Commission Expires July, 16 20__

LAURANCE KNOX

1167432
Process Server's Lic #

**NATIONWIDE PROCESS SERVICE**
4250 Veterans Memorial Hwy, Suite 4000
Holbrook, NY 11741
631-981-4400
JP
Client Reference #: WEISBLAT

Invoice/WorkOrder # 9784535

STATE OF NEW YORK       NEW YORK COUNTY       SUPREME COURT
ATTORNEY(S):PAUL J. GIACOMO, JR. , . . . .
ADDRESS: 405 LEXINGTON AVENUE, NEW YORK, NY 10174   PH#: (212) 486-0200

*LARRY GRIBLER, suing both individually and as controlling shareholder of THREE AMIGOS SJL INC. d/b/a CHEETAHS GENTLEMENS CLUB & RESTAURANT,*

       Plaintiff(s)/Petitioner(s)

*vs*

**AFFIDAVIT OF SERVICE**
INDEX #: 603794-07
FILED ON: November 15, 2007

*SHIRELL WEISBLAT a/k/a SHRIELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC., SELIM ZHERKA a/k/a SAM ZHERKA, STEVE ASLAND, and MEHLER & BUSCEMI,*

       Defendant(s)/Respondent(s)

County of __SUFFOLK__ , State of __NEW YORK__ , I, __ROBERT MOORE__ being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of __NEW YORK__
On __1/12/2008__ at __3:50PM__
at **4 HAGEMAN COURT, KATONAH, NY 10536**
deponent served the within **SUMMONS AND VERIFIED COMPLAINT**

bearing Index # __603794-07__ and filed on __November 15, 2007__
ON: SELIM ZHERKA A/K/A SAM ZHERKA

**INDIVIDUAL**
**[X]**   by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**CORPORATION**
**[ ]**   A _____ , by delivering thereat a true copy of each to
_____ personally, deponent knew said
so served to be the _____ described as the named defendant and knew
said individual to be the authorized agent thereof.

**SUITABLE AGE**
**PERSON**
**[ ]**   by delivering a true copy of each to _____ a person of suitable age and discretion
Said premises is recipient's   [ ] actual place of business   [ ] dwelling house (usual place of abode) within the state.
I asked the person spoken to whether the defendant actually resides/is employed at these premises and received an affirmative reply.

**AFFIXING**
**TO**
**[ ]**   by affixing a true copy of each to the door of said premises, which is recipient's   [ ] actual place of business
[ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
Day_____ Date_____ Time_____ Day_____ Date_____ Time_____
Day_____ Date_____ Time_____ Day_____ Date_____ Time_____
Verification:

**MAILING**
**COPY**
**[ ]**   Deponent's agent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient at the recipient's last known [ ] residence [ ] place of employment at: __4 HAGEMAN COURT, KATONAH, NY 10536__ and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the U. S. Postal Service within the State of NEW YORK on _____
[ ] The mailing was made by certified mail (Receipt No._____)
[ ] and with return receipt requested,   and/   or First Class Mail, marked personal and confidential.

**DESCRIPTION**
**[X]**   A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex __male__ Race/skin __white__ Color of hair __black__ Approx. Age __40-45__ Approx. Height __6'-6'3"__
Approx. weight __200-210__ Other _____

**WITNESS FEES**
**[ ]**   $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

**PHOTO**
**[ ]**   Deponent was able to identify recipient from annexed photo.

**MILITARY**
**SERVICE**
**[X]**   Deponent asked person spoken to whether the recipient was presently in or dependent upon someone currently in military service of the United States Government or in the State of   NEW YORK   and was informed he/she was not.

Sworn to before me on this

__14th__ day of __January__ __2008__

_James Anthony Passarelli_

James Anthony Passarelli
Notary Public, State of New York
No. 01PA6061847
Qualified in Suffolk County
Commission Expires July, 16 20 11

_signature_

ROBERT MOORE

1066544
Process Server's Lic #

**NATIONWIDE PROCESS SERVICE**
4250 Veterans Memorial Hwy, Suite 4000
Holbrook, NY 11741
631-981-4400

JP
Client Reference #: WEISBLAT

Invoice/WorkOrder# 9784533