UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LARRY GRIBLER, suing both individually and as controlling shareholder of THREE AMIGOS SJL INC.: d/b/a CHEETAHS GENTLEMENS CLUB & RESTAURANT,

      Plaintiff,

  -against-

SHIRELL WEISBLAT a/k/a SHIRELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC. SELIM ZHERKA a/k/a SAM ZHERKA, STEVE ASLAND, a/k/a MEHLER & BUSCEMI.

      Defendants.
------------------------------------------------------------------ x

Index No.: 1:2007cv11436

**AFFIDAVIT OF MARTIN MEHLER, ESQ.**

STATE OF NEW YORK  )
         ) ss:
COUNTY OF WESTCHESTER )

  MARTIN MEHLER, ESQ., being duly sworn, deposes and says:

  1.  I am a named defendant attorney in the above-captioned matter. As such, I am fully familiar with the facts and circumstances herein.

  2.  This Affidavit is submitted in support of in support of the instant motion of Defendant Mehler & Buscemi, (hereinafter "the Movant") which seeks an Order dismissing plaintiffs' Complaint pursuant to Rule 12(b)(6) on the ground that the plaintiffs' Complaint fails to state a cause of action for legal malpractice or conspiracy to commit fraud, and alternatively, pursuant to Rule 9(b), as the plaintiffs' fraud based claims are not pled with the requisite degree of particularity.

  3.  In sum, plaintiffs' allegations against Your Affiant are baseless and without merit in law or equity. See Accompanying Memorandum of Law.

1

4. This matter arises out of Your Affiant's representation of THREE AMIGOS SJL INC., in connection with its application for a New York State liquor and cabaret license for the operation of a gentleman's club named Cheetahs Gentleman's Club & Restaurant ("Cheetah") located at 252 West 43rd Street, New York, New York. Your Affiant was not involved in the formation of the corporate entity known as THREE AMIGOS SJL INC. Upon information and belief, defendant Charles Weisblat formed the corporation himself. A copy of the filing receipt is annexed to the plaintiff's complaint as Exhibit "E". Upon further information and belief, an attorney by the name of Steven S. Sieratzki, Esq. represented the plaintiff in connection with the corporate entity including the formation of it assumed name filed on December 11, 2006. See Exhibit "A annexed to the complaint.

5. Your Affiant was retained to represent Three Amigos SJL Inc. in or about June 2005. At that time defendant Charles Weisblat advised me that the three principals of Three Amigos SJL Inc. were to be Jon Von Okenfus, Larry Gribler and Shirell Weisblat. I was told that Gribler and Okenfus would finance the development of the location and with defendant Shirell Weisblat with the assistance of her husband Charles Weisblat overseeing the development and operation of the club. See Furman Aff. Exhibit "3".

6. While in the process of preparing the necessary papers to submit in support of the liquor license application, your Affiant learned that Jon Von Okenfus had a criminal felony conviction that could impede the ability to obtain the state licenses. I conveyed this to the principals of Three Amigos SJL Inc.

7.   Thereafter, I was advised that Mr. Okenfus would no longer be a principal in the venture and that plaintiff Gribler would be the full financial backer for the project. I was also advised that Steve Asland would come on to the project as a 1% owner/manager due to his experience and reputation in the New York Gentleman club industry.[1] The site of the proposed gentleman's club had a very poor history in the community and there was concern that Community Board 5 would oppose the application. It was believed that Mr. Asland's involvement would assist in getting the necessary approval from the Community Board. Mr. Asland had a reputation as an excellent manager of another gentleman's club in Manhattan and the committee members of CB 5 knew his reputation.

8.   On July 14, 2005 a community board hearing was held at which Steve Asland appeared on behalf of Three Amigos.

9.   On July 15, 2005 Community Board 5 issued a written recommendation that the New York State Liquor Authority grant the requested liquor license. See Furman Aff. Exhibit "4". Community Board 5's decision to recommend that a liquor license be granted was entirely based upon Mr. Asland's involvement in the project. See Furman Aff. Exhibit "4".

10.  Thereafter, plaintiff Gribler repeatedly provided me with executed documents (that he verified were true) wherein he detailed the corporate ownership of Three Amigos SJL Inc. and his relationship with the co-defendants. Specifically, on May 16, 2006 plaintiff Gribler prepared and signed a "Personal Questionnaire" wherein he listed himself as "President" "Partner" and "Lender" in the liquor license application.

---

[1] I was advised that the 1% ownership interest was taken from co-defendant Weisblat's share in the business.

3

See Furman Aff. Exhibit "5". Plaintiff Gribler signed this document verifying it was true and attested that he "understood that the information I submit will be relied upon by the State Liquor Authority and a false statement or misrepresentation will constitute cause for the disapproval of the application or revocation of any license for which the application is submitted." See Furman Aff. Exhibit "5".

11. Now, plaintiff seemingly disavows his own submission and claims that he is the sole owner and not a partner as he verified he was in his application. The plaintiff also disingenuously alleges Your Affiant was somehow responsible for the plaintiff's earlier misrepresentations.

12. Remarkably, as late as January 22, 2007 plaintiff Gribler again verified that both Weisblat (33 1/3%) and Steven Asland (1%) owned stock in Three Amigos SJL Inc. in an application for a cabaret license. Plaintiff Gribler made this representation and executed the application wherein it clearly states: "Lying on this application is a crime punishable by fine, imprisonment, or both…" See Furman Aff. Exhibit "6". Nevertheless, plaintiff Gribler now claims that these representations were inaccurate.

13. Your Affiant successfully obtained a liquor license for plaintiff and his partners in December 2006. I was also successful in getting the necessary cabaret license.

14. In or about May 2007, Charlie Weisblat and co-defendant Shirell Weisblat contacted Your Affiant in connection with amending the liquor license to add an additional member. My primary communications in connection with our Firm's services had always been with the Weisblats. Co-defendant Weisblat explained that she had transferred 8% percentage in the corporation to Selim Zherka.

15. On or about May 30, 2007, Your Affiant forwarded the completed Corporate Change application to the liquor authority to be processed. See Furman Aff. Exhibit "7."

16. On June 4, 2007 plaintiff Gribler's current counsel wrote Your Affiant raising objections to amending the liquor license to add an additional person to Cheetah's liquor license. The application had already been submitted. Also, Plaintiff Gribler, through counsel, alleged for the first time that co-defendant lacked authority to act on behalf of THREE AMIGOS SJL INC. and that the corporation was fully controlled by plaintiff. Gribler. See Furman Aff. Exhibit "8". Your Affiant did not take any further steps in connection with the licensing for the club.

17. On August 28, 2007 plaintiff's Gribler's counsel wrote Your Affiant again objecting to any amendments to the liquor license. See Furman Aff. Exhibit "9". Apparently, plaintiff's current counsel did not take any steps between June 4, 2007 and August 28, 2007 in connection with the liquor license and despite directing me to "cease and desist".

18. Then on or about December 3, 2007 my office was served with the instant complaint wherein plaintiff alleges five causes of action, four of which are asserted against the Movant. Specifically, the plaintiff asserts causes of action against the Movant for: (1) Declaratory Judgment to be declared sole owner of THREE AMIGOS SJL INC.; (2) Conspiracy to Commit Fraud; (3) Legal Malpractice; and (4) Conversion of Corporate Shares of THREE AMIGOS SJL INC.

19. Now, after successfully obtaining a liquor license for the operation of Cheetah plaintiff improperly seeks $3 million dollars in compensatory damages against

my Firm. However, as set forth more fully in the Accompanying Memorandum of Law the plaintiff's entire claim is devoid of merit and must be dismissed. See Accompanying Memorandum of Law.

20. The plaintiff has failed to establish that Your Affiant was the proximate cause of any actual and ascertainable damages, requiring the dismissal of the legal malpractice claim. See Kebede v. Johnson, 2006 WL 2591035, *3 (E.D.N.Y.,2006); see also Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 117 (2d Cir. 2002); see also Accompanying Memorandum of Law at Point I.

21. Further, plaintiffs' second cause of action for conspiracy to commit fraud is also subject to dismissal on the grounds that it is legally insufficient and not adequately plead as required by Rule 9(b). See Accompanying Memorandum of Law at Point II.

22. In addition, the allegations against Your Affiant as presented in the Complaint clearly fail to give rise to such egregious conduct necessary to demonstrate a cause of action for punitive damages. Accordingly, the plaintiffs' request for punitive damages must be denied as a matter of law. See Wolkstein v. Morgenstern, 275 A.D.2d 635, 731 N.Y.S.2d 171 (1st Dept. 2000); Galu v. Attias, 923 F. Supp. 590, 597 (S.D.N.Y. 1996); see also Accompanying Memorandum of Law at Point III.

23. Finally, the plaintiffs cannot sustain causes of action for a declaratory judgment and conversion as these claims seek relief Your Affiant cannot provide. Stewart Tenants Corp. v. Square Industries, Inc., 269 A.D.2d 246, 248, 703 N.Y.S.2d 453, 455 (1st Dept. 2000); see also Accompanying Memorandum of Law at Point IV.

24. For the foregoing reasons, the Complaint against Mehler & Buscemi must be dismissed in its entirety, with prejudice, together with such other and further relief as this Court deems just and proper.

_____
Martin Mehler, Esq.

Sworn to before me this
21st day of January 2008

_____
Notary Public
MIGDALIA MARRERO
NOTARY PUBLIC, State of New York
No. 01MA5010288
Qualified in Queens County
Commission Expires Mar. 29, 2011

7