UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

LARRY GRIBLER, suing both individually and as: controlling shareholder of THREE AMIGOS SJL INC.: d/b/a CHEETAHS GENTLEMENS CLUB &: RESTAURANT,

                          Plaintiff,

        -against-

SHIRELL WEISBLAT a/k/a SHIRELL WEISBLAT, CHARLES WEISBLAT, CHARLIE CASANOVA, INC. SELIM ZHERKA a/k/a SAM ZHERKA, STEVE ASLAND, a/k/a MEHLER & BUSCEMI.

                    Defendants.

-------------------------------------------------------------------- x

Index No.: 1:2007cv11436

**Assigned to:** **Hon. Naomi Reice Buchwald**

## DEFENDANT MEHLER & BUSCHEMI'S MEMORANDUM OF LAW TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6) AND RULE 9(B)

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendants
MEHLER & BUSCEMI
99 Park Avenue, 19th Floor
New York, New York 10016
Our File No. 210.039

Of Counsel:
A. Michael Furman, Esq.

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ...........................................................................1

STATEMENT OF FACTS ..................................................................................3

ARGUMENT.........................................................................................................7

POINT I      PLAINTIFFS' COMPLAINT FAILS TO PLEAD A CLAIM OF
             LEGAL MALPRACTICE ..............................................................7

       A.    Legal Malpractice Standard ..........................................................7

       B.    Plaintiffs Cannot Demonstrate Any Actual and Ascertainable Damages....8

       C.    Plaintiffs Cannot Demonstrate that the Movant was the Proximate Cause
             of the Plaintiff's Alleged Damages..............................................9

POINT II     PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR
             CONSPIRACY TO COMMIT FRAUD.......................................11

       1.    Plaintiffs Cannot Establish a Claim for Conspiracy to Commit Fraud......11

       2.    Plaintiffs' Conspiracy to Commit Fraud Claim is Insufficiently
             Pled (Rule 9(b)...........................................................................14

POINT III    PLAINTIFF CANNOT ESTABLISH AN ENTITLEMENT TO
             PUNITIVE DAMAGES ..............................................................18

POINT IV     PLAINTIFF CANNOT RECOVER THE RELIEF SOUGHT IN THE
             FIRST AND FIFTH CAUSE OF ACTION FROM THE MOVANT.......19

CONCLUSION.....................................................................................................20

# TABLE OF AUTHORITIES

Cases                                                                      Page(s)

Acito v. Imcera Group, Inc.,
    47 F.3d 47, 52 (2d Cir.1995)...................................................................16

Beck v. Manufacturers Hanover Trust Co.,
    820 F.2d 46, 50 (2d Cir. 1987)..............................................................16

Blank v. Harry Katz, P.C.,
    3 A.D.3d 512 (2d Dept. 2004) ...............................................................9

Brady v. Bisogno & Meyerson,
32 A.D. 3d 410, 819 N.Y.S. 2d 558 (2d Dept. 2006) .........................................10

Brown v. Samalin & Bock, P.C.,
    168 A.D.2d 531, 563 N.Y.S.2d 426 (2d Dept. 1990) ...............................9

Caires v Siben & Siben,
    2 AD3d 383, 384 (2d Dept. 2003) .........................................................9

Callahan v. Gutowski,
    488 N.Y.S.2d 519, 111 A.D.2d 464 (N.Y. App. Div. 3d Dept. 1985)...................14

Cannistra v. O'Connor, McGuinness, Conte, Doyle, Oleson & Collins,
    286 A.D.2d 314, 728 N.Y.S.2d 770 (2d Dept 2001) ...............................7

Cappetta v. Lippman,
    913 F. Supp. 302, 306 (S.D.N.Y. 1996)..................................................19

Carmel v. Lunney,
    70 N.Y.2d 169, 518 N.Y.S.2d 605 (1987) ..............................................8

Coastal Broadway Assoc. v. Raphael,
    298 A.D. 2d 186, 748 N.Y.S. 2d 141 (1st Dept. 2002)...........................10

Cochran v. Licari,
    5 Misc.3d 1008(A) (Sup. Ct. Suffolk County 2004) ................................9

Cosmas v. Hassett,
    886 F.2d 8, 11 (2d Cir. 1989)................................................................15

Danahy v. Meese,
    84 A.D.2d 670, 446 N.Y.S.2d 611 (N.Y. App. Div. 4th Dept. 1981) ...................13

Deleskiewicz v. Pitcher,
    60 A.D.2d 660, 400 N.Y.S.2d 214 (3d. Dept. 1977) .......................................14, 18

Dietrich v. Bauer,
    76 F.Supp.2d 312, 330 (S.D.N.Y.1999) ...............................................................18

Dimond v. Kazmierczuk & McGrath,
    15 A.D. 3d 526,  790 N.Y.S. 2d 219, 220 (2d Dept. 2005) ...................................10

Dirito v. Stanley,
    203 A.D.2d 903, 611 N.Y.S.2d 65 (4th Dept. 1994) .............................................19

DiVittorio v. Equidyne Extractive Indus., Inc.,
    822 F.2d 1242, 1247 (2d Cir. 1987).......................................................................15

Dweck Law Firm LLP v. Mann,
    283 A.D. 2d 292, 727 N.Y.S. 2d 58, 59 (1st Dept. 2001)........................................9

Ellsworth v. Foley,
    24 A.D. 3d 1239, 805 N.Y.S. 2d 899 (4th Dept. 2005) .........................................11

Factory Point Natl. Bank v. Wooden Indian,
    198 A.D.2d 563, 603 N.Y.S.2d 216 (N.Y. App. Div. 3d Dept. 1993)...................12

First Nationwide Bank v. 965 Amsterdam, Inc.,
    212 A.D.2d 469, 472, 623 N.Y.S.2d 200 (N.Y. App. Div. 1st Dept. 1995)...........13

Franklin v. Winard,
    199 A.D.2d 220, 606 N.Y.S.2d 162 (1st Dept. 1993)..............................................8

Friedman v. Arizona World Nurseries, Ltd.,
    730 F. Supp. 521 (S.D.N.Y. 1990) .......................................................................18

Galu v. Attias,
    923 F. Supp. 590, 597 (S.D.N.Y. 1996)................................................................19

Gamiel v. Curtis & Riess-Curtis, P.C.,
    16 A.D.3d 140, 791 N.Y.S.2d 78 (1st Dept. 2005)................................................20

Goldstein v. Siegel,
    19 A.D.2d 489, 493, 244 N.Y.S.2d 378 (1st Dept. 1963)......................................13

Green v. Leibowitz,
    118 A.D.2d 756, 500 N.Y.S.2d 146 (2d Dept. 1986) ..............................................19

Guglielmo v. Unanue,
    244 A.D.2d 718, 664 N.Y.S.2d 662 (N.Y. App. Div. 3d Dept. 1997)...................12

Hand v. Silberman,
    15 A.D. 3d 167, 789 N.Y.S. 2d 26, 27 (1st Dept. 2005).........................................10

Herman v. Greenberg,
    221 A.D.2d 251, 634 N.Y.S.2d 99, 100 (1st Dep't 1995) .........................................8

In re Healthco. Int'l. Inc. Sec. Litig.,
    777 F. Supp. 109 (D. Mass 1991) ..........................................................................16

In re Sharp International Corp.,
    302 B.R. 760 (E.D.N.Y. 2003) ................................................................................15

Joanne S. v. Carey,
    115 A.D.2d 4, 8, 498 N.Y.S.2d 817 (1st Dept. 1986) ............................................21

Kubin v. Miller,
    801 F. Supp. 1101 (S.D.N.Y. 1992)........................................................................15

Matter of Fuller,
    86 Misc.2d 672, 383 N.Y.S.2d 186 (Fam Ct 1976) ...............................................21

MBF Clearing Corp. v. Shine,
    212 A.D.2d 478, 623 N.Y.S.2d 204 (1st Dept. 1995)............................................13

McCoy v. Feinman,
    99 N.Y.2d 295 (2002) ................................................................................................9

Nat'l. Westminster Bank v. Weksel,
    124 A.D.2d 144, 511 N.Y.S.2d 626 (1st Dept. 1987).............................................13

O'Brien v. National Property Analysts Partners,
    719 F. Supp. 222, 229 (S.D.N.Y. 1989)..................................................................18

Official Publications, Inc. v. Oppenheimer & Co., Inc.,
    78 F.R.D. 415, 420-21 (S.D.N.Y. 1978) .................................................................16

Oot v. Arno,
    275 A.D. 2d 1023, 713 N.Y.S. 2d 382 (4th Dept. 2000) ..........................................9

Pellegrino v. File,
    291 A.D. 2d 60, 63, 738 N.Y.S. 2d 320 (1st Dept. 2002)...................................9, 10

iv

Perkins v. Norwick,
    257 A.D.2d 48, 693 N.Y.S.2d 1 (1999) .................................................................8

Pistilli v. Gandin,
    10 A.D. 3d 353, 780 N.Y.S. 2d 293 (2d Dept. 2004) .........................................10

Plymouth Org., Inc. v. Silverman, Collura & Chernis, P.C.,
    21 A.D. 3d 464, 799 N.Y.S. 2d 813 (2d Dept. 2005) ..........................................8

Powers v. British Vita, P.L.C.,
    57 F.3d 176, 184 (2d Cir.1995)............................................................................16

Reibman v. Senie,
    302 A.D. 2d 290, 756 N.Y.S. 2d 164 (1st Dept. 2003)........................................11

Rubens v. Mason,
    387 F. 3d 183, 189 (2d Cir. 2004).........................................................................8

Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass,
    301 A.D. 2d 63, 67, 750 N.Y.S. 2d 277 (1st Dept. 2002) ...............................9, 10

Sanders v. Rosen,
    159 Misc.2d 563, 605 N.Y.S.2d 805 (N.Y. Sup. Ct. 1993) .................................19

Simmons v. Edelstein,
    32 A.D.3d 464, 466, 820 N.Y.S.2d 614 (2d Dept. 2006) ....................................10

Stewart Tenants Corp. v. Square Industries, Inc.,
    269 A.D.2d 246, 703 N.Y.S.2d 453 (1st Dept. 2000)..........................................20

Swersky v. Dreyer & Traub,
    219 A.D.2d 321, 328, 643 N.Y.S.2d 33 (1st Dept. 1996) ....................................20

Tortura v. Sullivan Papain Block McGrath & Cannavo, P.C.,
    21 A.D. 3d 1082, 803 N.Y.S. 2d 571, (2d Dept. 2005) .........................................8

United States v. Indelicato,
    865 F.2d 1370 (2d Cir. 1989)...............................................................................16

Walker v. Stroh,
    192 A.D.2d 775, 596 N.Y.S.2d 213 (3d Dept 1993) ...........................................19

Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.,
    10 A.D. 3d 267, 272, 780 N.Y.S. 2d 593, 595 (1st Dept. 2004) ..........................11

<u>Weiner v. Hershman & Leicher, P.C.</u>,
     248 A.D.2d 193, 669 N.Y.S.2d 583 (1st Dept 1998)................................................8

<u>Williams v. Upjohn Health Care Servs.</u>,
     119 A.D.2d 817, 501 N.Y.S.2d 884 (N.Y. App. Div. 2d Dept. 1986) ............14, 18

<u>Wolkstein v. Morgenstern</u>,
     275 A.D.2d 635, 731 N.Y.S.2d 171 (1st Dept. 2000)............................................19

<u>Zeitlin v. Greenberg, Margolis et al.</u>,
     209 A.D.2d 510, 619 N.Y.S.2d 289 (2d Dept. 1994) ............................................8

**<u>Statutes</u>**

Fed.R.Civ.P 9(b) .................................................................................. 15

CPLR §1002(b) ....................................................................................20

## PRELIMINARY STATEMENT

This Memorandum of Law is in support of the instant motion of Defendant Mehler & Buscemi, (hereinafter "the Movant") which seeks an Order dismissing plaintiff's Complaint pursuant to Rule 12(b)(6) on the ground that the Complaint fails to state a cause of action for legal malpractice or conspiracy to commit fraud, and alternatively, pursuant to Rule 9(b), as the plaintiff's fraud based claims are not pled with the requisite degree of particularity.

The instant action involves a dispute between business partners in connection with the ownership and operation of a Manhattan gentlemen's club, Cheetahs Gentleman's Club & Restaurant ("Cheetahs"). Rather than limiting the dispute to the determination of ownership, the plaintiff casts a wide net and sets forth an elaborate scheme allegedly perpetrated by the co-defendants and the Movant to divest plaintiff of his actual interest in the club. To support this far-fetched claim, however, plaintiff purposefully misrepresents the scope of the Movant's legal representation.

The plaintiff's overreaching is self-evident when he disingenuously alleges that the Movant was instructed by the co-defendants to "form the Plaintiff Corporation THREE AMIGOS SJL INC., but to retain the original books and records in their possession instead of delivering the same to Plaintiff LARRY GRIBLER." See Plaintiff's Complaint annexed to the Affidavit of A. Michael Furman, Esq. sworn to on January 21, 2008 (the "Furman Aff.") as Exhibit "1" at ¶ 106. This is simply untrue, as is conclusively evidenced by the exhibits annexed to the Complaint. See Plaintiff's Complaint, Ex. "E." Specifically, a corporate "Filing Receipt" (for the assumed name) expressly discloses the identity and address of the lawyer (Steven S. Sieratzki, Esq.) who

1

represented the plaintiff (and his partners) in the formation of THREE AMIGOS SJL. <u>See</u> Furman Aff. Exhibit "2". Contrary to the plaintiff's allegations, the Movant was simply the attorney that handled the *application* process for Cheetahs' liquor and cabaret license.

Similarly, the plaintiff ignores multiple filings that he signed and submitted in connection the liquor and cabaret license that directly contradicts his claims. Specifically, plaintiff Gribler repeatedly signed (and in several instances wrote in his own hand) documents that expressly set forth the fact that he was <u>not</u> the full owner of the subject business, but rather, that he was partners with co-defendant Weisblat, and co-defendant Asland, and that he was essentially the "lender" in the business. These were the representations made by the plaintiff to the Movant and the State Liquor Authority and which were attested to as truthful. Now, plaintiff ignores these explicit representations and instead alleges that the Movant is somehow responsible for inducing him to enter into a business relationship with the co-defendants. Essentially, plaintiff Gribler, a sophisticated businessman and experienced operator of gentleman clubs, contends that he unwittingly signed applications noting the ownership interest of the co-defendants. The documentary evidence, however, flatly contradicts these allegations as the plaintiff himself executed several of the documents at issue.

Further, the plaintiff, without support, alleges that the Movant is responsible for $3 million in damages without any causal connection between the Movant's conduct and the alleged damages. In fact, the plaintiff's entire claim for damages is nothing more than a fictitious sum based on nothing more than conjecture. The plaintiff completely fails to set forth any basis for damages and cannot since: (1) plaintiff still maintains

possession of the Cheetah club, (2) operates the club; and (3) fails to allege that he has been deprived of any of the proceeds.  Nevertheless, the plaintiffs take the illogical leap that they have been damaged in a sum of $3 million.

As set forth herein, the Complaint should be dismissed because (1) the plaintiff has not pled and cannot sustain a claim for legal malpractice; (2) the plaintiff seeks relief that the Movant cannot provide; (3) the plaintiff has failed to set forth a claim of fraud and/or conspiracy to commit fraud; and (4) the plaintiff has failed to establish an entitlement to punitive damages, as a matter of law.  See Furman Aff. Exhibit "1"

## STATEMENT OF FACTS

Plaintiff Gribler, an experienced businessman and proprietor of a New Jersey Gentleman's Club, brings this claim alleging he was "duped" out his ownership interest in Cheetahs.  However, the plaintiff ignores the fact that he continues to own, operate and receive the proceeds from the club.  The only issue in this matter (which does not involve the Movant) is whether plaintiff is the sole owner or co-owner with the co-defendants, which (as the plaintiff concedes) was the original arrangement.

In or about June 2005, the corporate entity known as Three Amigos SJL Inc. was organized.  See Furman Aff. Exhibit "1" at ¶ 8; see also the Affidavit of Martin Mehler, Esq. at ¶ 4.    An attorney by the name of Steven S. Sieratzki, Esq. represented the plaintiff in connection with the corporate entity including the formation of its assumed name filed on December 11, 2006.  See Exhibit "A annexed to the complaint.  The Movant was not involved with the corporate formation of Three Amigos SJL Inc. and did not provide advice or counsel in connection with the corporate entity.  See the Affidavit of Martin Mehler, Esq. at ¶ 4.  As of June/July 2005 the three principals of Three Amigos

3

SJL Inc. were to be Jon Von Okenfus, Larry Gribler and Shirell Weisblat.  See Exhibit "3".  On July 1, 2005, plaintiff Gribler, Okenfus and Weisblat entered into a written agreement wherein it was agreed that plaintiff Gribler and Okenfus would finance the club's development, and an entity (Charlie Casanova Inc.) affiliated with defendant Weisblat would oversee the development and operation of the club.  See Exhibit "3".

In or about June/July 2005 the Movant was contacted to represent Three Amigos SJL Inc. in connection with the application process for a liquor and cabaret license.  See Mehler Aff. at ¶ 5.  Throughout the process co-defendant Weisblat and Charlie Weisblat (he is also a co-defendant) acted as "point person" with the Movant. See Mehler Aff. at ¶ 6. While in the process of preparing the necessary papers to submit in support of the liquor license application, it was uncovered that Jon Von Okenfus had a criminal felony conviction that would impede the ability to obtain the necessary state licenses.  See Mehler Aff. at ¶ 6.  Thereafter, the Movant was advised that Mr. Okenfus would no longer be a principal in the venture and that plaintiff Gribler would be the full financial backer for the project.  See Mehler Aff. at ¶ 6.  The Movant also was advised that Steve Asland would join the project as a 1% owner/manager due to his experience and reputation in the New York gentleman club industry.[1]   The site of the proposed gentleman's club had a very poor history in the community and there was concern that Community Board 5 would oppose the application.  See Mehler Aff. at ¶ 7.

On July 14, 2005 a community board hearing was held at which Steve Asland appeared on behalf of Three Amigos.  On July 15, 2005 Community Board 5 issued a written recommendation that the New York State Liquor Authority grant the requested

---

[1] The Movant was advised that the 1% ownership interest was taken from co-defendant Weisblat's share in the business.  See Mehler Aff. at ¶ 7.

4

liquor license.  See Mehler Aff. at ¶ 8; see also Furman Aff. Exhibit "4".  Community Board 5's decision to recommend that a liquor license be granted was entirely based upon Mr. Asland's involvement in the project.  See Mehler Aff. at ¶ 8; see also Furman Aff. Exhibit "4".

Thereafter, plaintiff Gribler repeatedly executed documents (that he verified were true) wherein he detailed the corporate ownership of Three Amigos SJL Inc. and his relationship with the co-defendants.  Specifically, on May 16, 2006 plaintiff Gribler prepared and signed a "Personal Questionnaire" wherein he listed himself as "President" "Partner" and "Lender" in the liquor license application.  See Furman Aff. Exhibit "5". Plaintiff Gribler signed this document verifying it was true and attested that he "understood that the information I submit will be relied upon by the State Liquor Authority and a false statement or misrepresentation will constitute cause for the disapproval of the application or revocation of any license for which the application is submitted."  See Furman Aff. Exhibit "5".  Now, plaintiff Gribler disavows his own submissions and claims that he is the "sole owner" and not a partner as he verified he was in his application.  See Mehler Aff. at ¶ 9-10.

Remarkably, as late as January 22, 2007 plaintiff Gribler again verified that both Weisblat (33 1/3%) and Steven Asland (1%) owned stock in Three Amigos SJL Inc. in an application for a cabaret license.  Plaintiff Gribler made this representation and executed the application wherein it clearly states: "Lying on this application is a crime punishable by fine, imprisonment, or both…" See Furman Aff. Exhibit "6".  Nevertheless, plaintiff Gribler now claims that these representations were inaccurate.

In or about May 2007, Charlie Weisblat and co-defendant Weisblat contacted the Movant in connection with amending the liquor license to add an additional member. The Movant's primary communications in connection with his services had always been with the Weisblats. See Mehler Aff. at ¶ 14. Co-defendant Weisblat explained that they had transferred 8% percentage in the corporation to Selim Zherka. See Mehler Aff. at ¶ 14. On or about May 30, 2007, the Movant forwarded the completed amended application to the liquor authority to processed. See Furman Aff. at Exhibit "9."

On June 4, 2007 plaintiff Gribler's current counsel wrote the Movant, raising objections to amending the liquor license to add an additional person to Cheetah's liquor license. See Mehler Aff. at ¶ 16. The application was already submitted. Also, Plaintiff Gribler, through counsel, alleged for the first time that the co-defendants were unauthorized to act on behalf of THREE AMIGOS SJL INC. and that the corporation was fully controlled by plaintiff Gribler. See Furman Aff. Exhibit "10". The Movant did not take any further steps in connection with the licensing for the club. On August 28, 2007 plaintiff's Gribler's counsel wrote to the Movant again objecting to any amendments to the liquor license. See Furman Aff. Exhibit "11"; see also Mehler Aff. at ¶ 17. Plaintiff's counsel did not take any steps between June 4, 2007 and August 28, 2007 in connection with the liquor license, despite directing the Movant to "cease and desist".

On December 3, 2007 the Movants were served with the instant complaint wherein plaintiff alleges five causes of action, four of which are asserted against the Movant. Specifically, the plaintiff asserts causes of action against the Movant for: (1) Declaratory Judgment to be declared sole owner of THREE AMIGOS SJL INC.; (2) Conspiracy to Commit Fraud; (3) Legal Malpractice; and (4) Conversion of Corporate

6

Shares of THREE AMIGOS SJL INC.  For the reasons set forth below, plaintiff's claims

are completely without merit and subject to dismissal with prejudice as a matter of law.

## ARGUMENT

## POINT I

## PLAINTIFFS' COMPLAINT FAILS TO PLEAD
## A CLAIM OF LEGAL MALPRACTICE

**A.    Legal Malpractice Standard**

It is well-settled New York law that to recover damages for legal malpractice,

"the plaintiff must establish that the attorney's negligence was a proximate cause of the

loss sustained, that the plaintiff incurred actual damages as a direct result of the

attorney's actions or inaction, and that but for the attorney's negligence, the plaintiff

would have prevailed in the underlying action or would not have sustained any damages."

See Terio v. Spodek, 25 A.D.3d 781, 784, 809 N.Y.S.2d 145 (2d Dept. 2006); Schafrann

v. N.V. Famka, Inc., 14 A.D.3d 363, 787 N.Y.S.2d 315 (1st Dept. 2005); Fredriksen v.

Fredriksen, 30 A.D.3d 370, 372, 817 N.Y.S.2d 320 (2d Dept. 2006) (attorneys retained

by a trustor to create a trust were not in privity with the trust beneficiary, and thus could

not be held liable to a beneficiary for legal malpractice); Chinello v. Nixon, Hargrave,

Devans & Doyle, LLP, 15 A.D.3d 894, 788 N.Y.S.2d 750 (4th Dept. 2005); Andrewski v.

Devine, 280 A.D.2d 992, 720 N.Y.S.2d 423 (4th Dept. 2001) *quoting* Estate of Spivey v.

Pulley, 138 A.D.2d 563, 564, 526 N.Y.S.2d 145 (2d Dept. 1988).

**B.    Plaintiffs Cannot Demonstrate Any Actual and Ascertainable Damages**

Plaintiff claims compensatory damages totaling $3 million without any factual

support. See Furman Aff. Exhibit "1".  To satisfy the element of proximate causation, a

plaintiff must prove that "but for" the attorney's malpractice, the client would have

achieved a different result in the underlying transaction. See Rubens v. Mason, 387 F. 3d 183, 189 (2d Cir. 2004); see also Tortura v. Sullivan Papain Block McGrath & Cannavo, P.C., 21 A.D. 3d 1082, 1083, 803 N.Y.S. 2d 571, 572 (2d Dept. 2005).   Moreover, plaintiff must be able to prove that she suffered *actual and ascertainable damages*; speculation as to the damages sustained by the plaintiff is not enough to sustain a legal malpractice action. See Plymouth Org., Inc. v. Silverman, Collura & Chernis, P.C., 21 A.D. 3d 464, 465, 799 N.Y.S. 2d 813 (2d Dept. 2005).

Where proof is speculative and conclusory, a legal malpractice action must be dismissed. See Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, 301 A.D. 2d 63, 67, 750 N.Y.S. 2d 277 (1st Dept. 2002) *citing* Pellegrino v. File, 291 A.D. 2d 60, 63, 738 N.Y.S. 2d 320 (1st Dept. 2002); Dweck Law Firm LLP v. Mann, 283 A.D. 2d 292, 293, 727 N.Y.S. 2d 58, 59 (1st Dept. 2001); Oot v. Arno, 275 A.D. 2d 1023, 1024, 713 N.Y.S. 2d 382 (4th Dept. 2000) *citing* Brown v. Samalin & Bock, P.C., 168 A.D.2d 531, 563 N.Y.S.2d 426 (2d Dept. 1990). In the absence of any factual basis, let alone any evidence of actual and ascertainable damages, plaintiffs' claims must be dismissed. See Cochran v. Licari, 5 Misc.3d 1008(A) (Sup. Ct. Suffolk County 2004) *citing* Blank v. Harry Katz, P.C., 3 A.D.3d 512 (2d Dept. 2004); Caires v Siben & Siben, 2 AD3d 383, 384 (2d Dept. 2003).   The legal malpractice plaintiff "must show that the attorney's breach of his professional duty caused the plaintiff's actual damages." See McCoy v. Feinman, 99 N.Y.2d 295 (2002) (emphasis added).

Even if Movant committed legal malpractice (which of course did not occur), plaintiff's allegations to the amount of their compensatory loss is sheer imagination. Plaintiffs do not state any factual basis for their claim of damages.   In fact, there is no

factual predicate or causal connection set forth in the complaint where the basis of plaintiffs' damages can be gleaned. The plaintiff has not, and cannot, allege that he still does not own, operate and receive the financial benefit from Cheetahs. The plaintiff continues to run the business and ise now only trying to divest his business partners of any potential interest they may or may not have in the club. The plaintiff is effectively seeking the return of the financial investment while demanding that he maintain full ownership and control of the business. The claim of damages defies all logic and is simply an attempt to create a windfall. As speculative damages or conclusory claims of damage against an attorney will not sustain a claim for malpractice, the instant action must be dismissed as a matter of law. See Russo v. Feder, 301 A.D.2d 63 (1st Dept. 2002) citing Pellegrino v. File, 291 A.D.2d 60, 738 N.Y.S2d 320 (1st Dept. 2002).

## C.    Plaintiffs Cannot Demonstrate that the Movant was the Proximate Cause of the Plaintiff's Alleged Damages

Even if plaintiff could show an actual, ascertainable loss (which he have not), they cannot show that Movant was the proximate cause of that loss. For this reason as well, their claim must fail. See Brady v. Bisogno & Meyerson, 32 A.D. 3d 410, 819 N.Y.S. 2d 558 (2d Dept. 2006) quoting Pistilli v. Gandin, 10 A.D. 3d 353, 780 N.Y.S. 2d 293 (2d Dept. 2004); Dimond v. Kazmierczuk & McGrath, 15 A.D. 3d 526, 527, 790 N.Y.S.2d 219, 220 (2d Dept. 2005).

Proximate causation can be demonstrated only where the plaintiff can plead and prove that, "but for the defendant's negligence, the plaintiff would have been successful in the underlying action." See Simmons v. Edelstein, 32 A.D.3d 464, 466, 820 N.Y.S.2d 614 (2d Dept. 2006) (internal citations omitted); Hand v. Silberman, 15 A.D. 3d 167, 789 N.Y.S. 2d 26, 27 (1st Dept. 2005); Coastal Broadway Assoc. v. Raphael, 298 A.D. 2d

186, 748 N.Y.S. 2d 141 (1st Dept. 2002) (affirming judgment dismissing the legal malpractice complaint where the plaintiff "failed to make out the requisite casual connection between the claimed malpractice and the loss allegedly sustained").

The "but for" causation requirement in legal malpractice actions necessitates the plaintiff to prove "a case within a case," because it demands a hypothetical re-examination of the events at issue *absent* the alleged legal malpractice. See Reibman v. Senie, 302 A.D. 2d 290, 756 N.Y.S. 2d 164 (1st Dept. 2003); Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 10 A.D. 3d 267, 272, 780 N.Y.S. 2d 593, 595 (1st Dept. 2004); Ellsworth v. Foley, 24 A.D. 3d 1239, 805 N.Y.S. 2d 899 (4th Dept. 2005) (internal citations omitted).

The plaintiff cannot point to single omission on the part of the Movant that was the proximate cause of his damages. Although the plaintiff alleges that Movant was involved in the formation of "Three Amigos SJL, Inc.", the company that owns Cheetahs, that is simply untrue. As evidenced by the documents one of the other defendant's (Charles Weisblat) another attorney handled the corporate formation of the subject entity and its assumed name. See Exhibits "2". Further, the Movant clearly relied on plaintiff Gribler's executed written representations as to the relationships with co-defendant Weisblat. See Exhibits "5", and "7". Further, the plaintiff was well aware and consented to co-defendant Asland's role and "1% interest" in the subject entity and business. See Exhibit "7". It was Mr. Asland's involvement the convinced the Community Board to consent to the opening of the location (despite the locations history). See Exhibit "4". The Movant was retained to obtain a liquor and cabaret license in order for the establishment to open. The Movant was successful and Cheetahs is now opened and

10

generating revenue for the plaintiff. The dispute that now exists is only between the co-defendants over their respective ownership interest in the club. Further, the plaintiff cannot point to a single executed document that establishes that there was no ownership interest held by co-defendant Weisblat and co-defendant Asland or that co-defendant Weisblat and her husband, Charlie Weisblat, was precluded in proceeding on behalf of the corporation.

Further, there is nothing that expressly prohibited co-defendant Weisblat from transferring her shares (if it is determined that she had shares in the corporation). To the contrary, the only fully executed agreement between the plaintiff and the co-defendant expressly permits Charlie Casanova Inc. (owned by Charlie Weisblat) "to enter all contracts and agreements necessary to develop and operate the club." See Exhibit "3". There is no basis whatsoever to find that the Movant was liable for legal malpractice in proceeding with an amendment to the liquor license when there was no written contract presented to the Movant that would have placed him on notice of a prohibition in transferring shares. Accordingly, the plaintiff cannot satisfy the proximate cause element of a legal malpractice claim requiring the dismissal of the claim as a matter of law.

## POINT II

### PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR CONSPIRACY TO COMMIT FRAUD

Plaintiff's second cause of action for conspiracy to commit fraud is also subject to dismissal. Ordinarily, New York does not recognize an independent tort of civil conspiracy. See Factory Point Natl. Bank v. Wooden Indian, 198 A.D.2d 563, 565, 603 N.Y.S.2d 216 (N.Y. App. Div. 3d Dept. 1993); see also, Guglielmo v. Unanue, 244 A.D.2d 718, 721, 664 N.Y.S.2d 662 (N.Y. App. Div. 3d Dept. 1997). Such a cause of

action is available only if there is evidence of an underlying actionable tort to connect the actions of separate defendants with an otherwise actionable tort. See Factory Point Natl. Bank v Wooden Indian, supra, Danahy v. Meese, 84 A.D.2d 670, 672, 446 N.Y.S.2d 611 (N.Y. App. Div. 4th Dept. 1981).

Here, even if the Plaintiff is miraculously able to make out a claim of fraud (which as set out below they cannot) against the Movant to sustain the claim for conspiracy to commit fraud, the Complaint remains devoid of any factual allegations to prove that the Movant agreed to engage in a common scheme or plan to defraud the Plaintiffs. See MBF Clearing Corp. v. Shine, 212 A.D.2d 478, 479, 623 N.Y.S.2d 204 (1st Dept. 1995); Goldstein v. Siegel, 19 A.D.2d 489, 493, 244 N.Y.S.2d 378 (1st Dept. 1963). In other words, Plaintiff fails to set forth the necessary and specific factual allegations from which, inter alia, the inference may be drawn that the Movant entered into an agreement or understanding to cooperate in some fraudulent scheme, as would be necessary for Plaintiff to proceed against Movant under such a theory. See First Nationwide Bank v. 965 Amsterdam, Inc., 212 A.D.2d 469, 472, 623 N.Y.S.2d 200 (N.Y. App. Div. 1st Dept. 1995); Nat'l. Westminster Bank v. Weksel, 124 A.D.2d 144, 149, 511 N.Y.S.2d 626 (1st Dept. 1987), lv denied 70 N.Y.2d 604, 519 N.Y.S.2d 1027 (1987).

Plaintiff fails to set forth the detailed circumstances constituting the conspiracy to commit fraud, as required by Rule 9(b). Even the "acts" which Plaintiff alleges were committed by the Movants in furtherance of the "arrangement or plan" to defraud the plaintiff are not set forth in the cause of action. See Exhibit "1," ¶¶ 58-59

Simply put, there are no specific factual allegations set forth against the Movant in the Second cause of action to sustain the claim. See Nat'l. Westminster Bank, supra.

Additionally, the allegations set forth against the defendants in general are easily refuted. See Exhibit "1". First of all, plaintiff Gribler is an experienced businessman who repeatedly executed documents wherein he swore under penalty of fine and imprisonment that he shared ownership interest in Three Amigos SJL Inc. See Exhibits "4" "5" and "8". The Movant did not make those representations on plaintiff Gribler's behalf but simply filed those documents in support of the liquor license, which was ultimately granted. See Mehler Aff. at ¶ "12".

Also, New York case law is clear that when scienter is lacking, the mere fact that a defendant's otherwise lawful activities may have assisted another in pursuit of guileful objectives is not a sufficient basis for a finding that he or she conspired to defraud. See Williams v. Upjohn Health Care Servs., 119 A.D.2d 817, 819-820, 501 N.Y.S.2d 884 (N.Y. App. Div. 2d Dept. 1986) cf., Deleskiewicz v. Pitcher, 60 A.D.2d 660, 400 N.Y.S.2d 214 (3d. Dept. 1977). "A lawful act done in a lawful way, no matter how damaging the result, cannot be the basis for a claim of fraudulent conspiracy, even if it was performed maliciously." See Callahan v. Gutowski, 488 N.Y.S.2d 519, 111 A.D.2d 464 (N.Y. App. Div. 3d Dept. 1985). Accordingly, even if Movant's actions somehow assisted any alleged scheme to defraud the plaintiff, it is evident that the Movant cannot be held liable, as scienter is lacking.

Moreover, the Movant did not engage in any unlawful "acts" concerning the plaintiff during the Closing, or at any other time. Furthermore, even if the lawful representation by Movant, unbeknownst to Movant, assisted or advanced the co-defendants' alleged scheme to defraud the plaintiff, such lawful representation is not a

sufficient basis for a finding that the Movant conspired to defraud the plaintiff.  See Williams v. Upjohn Health Care Servs., supra; Deleskiewicz v. Pitcher, supra.

Additionally, plaintiffs, for no apparent reason, fail to set forth any specific factual allegations that the Movant entered into an agreement or understanding to cooperate with his co-defendants in a fraudulent scheme.  See Exhibit "1."  Nor can it be inferred, simply from Movant's alleged "silence" in submitting the amendment to the liquor license that he intended to participate in a fraudulent scheme to defraud the plaintiffs of the subject premises.  See Exhibit "1".

In light of the foregoing, the Complaint against the Movant should be dismissed in its entirety, with prejudice.

2.    **Plaintiffs' Conspiracy to Commit Fraud Claim is Insufficiently Pled (Rule 9(b)**

To the extent the alleged breach of fiduciary duty claims are based on fraudulent conduct, the Complaint must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  See In re Sharp International Corp., 302 B.R. 760 (E.D.N.Y. 2003).  Rule 9(b) requires that in all averments of fraud, "the circumstances constituting fraud... shall be stated with particularity.  Motive, intent, knowledge, and other conditions of mind of a person may be averred generally."  See Fed.R.Civ.P 9(b).  The Courts have created this heightened pleading requirement in order to: "(1) provide a Defendant with notice to enable her to prepare a defense; (2) protect a Defendant against harm to her reputation or goodwill; and (3) deter strike suits."  See Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989); DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987).

14

To fulfill Rule 9(b)'s requirements, the plaintiff must precisely state the material misstatements made, the time/place of each misstatement, the speaker, the content of the alleged misstatements, the manner in which the alleged misstatements were misleading, and what the defendants "obtained" as a result. See DiVittorio v. Equidyne Extractive Indus., Inc, supra; Kubin v. Miller, 801 F. Supp. 1101 (S.D.N.Y. 1992); Official Publications, Inc. v. Oppenheimer & Co., Inc., 78 F.R.D. 415, 420-21 (S.D.N.Y. 1978). Even where the cause of action is not technically termed fraud, Rule 9(b) has also been applied to cases where the allegations stem from or are underpinned by fraud-based conduct. See Toner v. Allstate Ins. Co., 821 F. Supp. 276 (D. Del. 1993); In re Healthco. Int'l. Inc. Sec. Litig., 777 F. Supp. 109 (D. Mass 1991) (finding that Rule 9(b) applies to claims where fraud is the "core of the action.").

With regard to condition of mind, Rule 9(b) only requires that the Complaint aver intent "generally." It is well-settled that the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind is not a "'license to base claims of fraud on speculation and conclusory allegations." ' See Acito v. Imcera Group, Inc., 47 F.3d 47, 52 (2d Cir.1995) (quoting Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir.1990)). Facts that give rise to a "strong inference that the defendants possessed the requisite fraudulent-intent—either intent to defraud, knowledge of falsity or reckless disregard for the truth" must be pled. See Beck v. Manufacturers Hanover Trust Co., 820 F.2d 46, 50 (2d Cir. 1987), cert. denied 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988), overruled on other grounds; United States v. Indelicato, 865 F.2d 1370 (2d Cir. 1989) (en banc), cert. denied, 493 U.S.811, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989). A "strong inference of fraudulent intent," can be pleaded in one of two ways: (1) The

15

plaintiff may allege a <u>motive</u> for committing fraud and a <u>clear opportunity</u> for doing so <u>or</u>; (2) where motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater. <u>See</u> <u>Powers v. British Vita, P.L.C.</u>, 57 F.3d 176, 184 (2d Cir.1995) (citations, quotation marks, and alterations omitted).

Herein, it is apparent that the plaintiff's allegations of conspiracy to commit fraud is premised entirely on the allegation the Movant allowed papers to be submitted that did not accurately reflect the true ownership interest in Three Amigos SJL Inc. However, the plaintiff fails to attribute any particular misrepresentation or fraudulent act or omission to the Movant. In fact, the plaintiff himself repeatedly attested to the corporate ownership/interest and issues concerning this ownership did not occur until after the Movant had successfully obtained the required liquor license. However, the plaintiff fails to set forth any specific factual allegations to suggest an iota of knowledge on the part of any of the Movant of any alleged fraud or concealment or any conscious behavior that perpetuated the fraud alleged.

The Complaint is further devoid of any allegation even suggesting that the Movant had access to any specific information or communications evidencing any scheme to defraud the plaintiff. The plaintiff also does not allege that the Movant had motive for committing any alleged fraud against the plaintiffs. In other words, even if the Complaint is read generously, the plaintiff hasfailed to allege facts, which give rise to any inference, let alone a strong one, of scienter, as required. As the plaintiffs fails to plead

scienter with the required particularity, the allegations lack sufficient detail to support a fraud-based claim of breach of fiduciary duty.

The only allegations set forth against the Movant, other than the plaintiff's speculative and conclusory allegations that the Moving Defendants "knowingly participated", is that statement that the Movant was counsel in the application process for a liquor and cabaret license. See Exhibit "1".  However, the performance of legal work for a client does not justify and cannot give rise to the assumption that Movant was aware of or participated in any alleged "fraud" by the other defendants. See Friedman v. Arizona World Nurseries, Ltd., 730 F. Supp. 521 (S.D.N.Y. 1990) ("We will not assume that clients as a matter of course communicate the allegedly fraudulent schemes, in whole or in part, to their attorneys"). Moreover, when scienter is lacking, the mere fact that the Movant's otherwise lawful activities may have assisted the co-defendants in pursuit of an alleged fraud is not a sufficient basis for a finding that he participated in that fraud. See Williams v. Upjohn Health Care Servs., 119 A.D.2d 817, 819-820, 501 N.Y.S.2d 884; (2nd Dept. 1986) cf., Deleskiewicz v. Pitcher, 60 A.D.2d 660, 400 N.Y.S.2d 214) (3 Dept. 1977).

The plaintiffs are apparently attempting to the Movant "guilty by association." However, "Rule 9(b) is not satisfied by a complaint in which 'defendants are clumped together in vague allegations.'" Dietrich v. Bauer, 76 F.Supp.2d 312, 330 (S.D.N.Y.1999) (quoting In re Blech, 928 F.Supp. at 1294)). As eloquently stated by Judge Leisure in O'Brien v. National Property Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989), "plaintiffs cannot satisfy Rule 9(b) by masking the lack of factual allegations against each defendant through broad allegations which combine the acts of several defendants to

create the impression that all engaged in every aspect of the alleged fraud." It is evident

the plaintiffs "clump" together allegations against the Movant with those asserted against

the other co-defendants, despite the fact that these allegations lack any specificity as to

the Movant's alleged improper conduct. This fails under the particularity requirements of

Rule 9(b).

**POINT III**

**PLAINTIFF CANNOT ESTABLISH AN
ENTITLEMENT TO PUNITIVE DAMAGES**

In the *ad damnum* clause of their Complaint, the plaintiff improperly seeks an

award of punitive damages against the Movant. See Exhibit "1." However, it is a long-

standing New York legal precedent that a cause of action for legal malpractice does not

afford recovery for any damages other than <u>pecuniary loss</u>. See <u>Wolkstein v.

Morgenstern</u>, 275 A.D.2d 635, 731 N.Y.S.2d 171 (1st Dept. 2000); <u>Galu v. Attias</u>, 923 F.

Supp. 590, 597 (S.D.N.Y. 1996); <u>Walker v. Stroh</u>, 192 A.D.2d 775, 596 N.Y.S.2d 213

(3d Dept 1993) (holding that a plaintiff suing in malpractice can recover only pecuniary

damages); <u>Dirito v. Stanley</u>, 203 A.D.2d 903, 611 N.Y.S.2d 65 (4th Dept. 1994); <u>Green v.

Leibowitz</u>, 118 A.D.2d 756, 500 N.Y.S.2d 146 (2d Dept. 1986); <u>Sanders v. Rosen</u>, 159

Misc.2d 563, 605 N.Y.S.2d 805 (N.Y. Sup. Ct. 1993).

Plaintiff's claim for punitive damages is an improper attempt to create a financial

windfall by asserting a frivolous claim for punitive damages. New York State law

provides that punitive damages are not recoverable for an ordinary breach of contract or

for mere allegations of fraud. See <u>Cappetta v. Lippman</u>, 913 F. Supp. 302, 306 (S.D.N.Y.

1996). Punitive damages will only be awarded where the plaintiff pleads and proves that

the defendant's conduct was outrageous, "as to evince a high degree of moral turpitude

and showing such wanton dishonesty as to imply a criminal indifference to civil obligations." Id. at 307; see also Walker v. Stroh, 596 N.Y.S.2d 213 (3d Dept. 1993) (The Third Department reversed the lower court's finding that the plaintiff's claim for punitive damages contained in the ad damnum clause should have been stricken as the plaintiff failed to allege and/or establish outrageous conduct); Zarin v. Reid & Priest, 184 A.D.2d 385, 585 N.Y.S.2d 379, 382 (1st Dept. 1992). The allegations that the Movant is premised on a conspiracy to commit fraud that is directly refuted by the documents executed by the plaintiff himself and do not give rise to the egregious conduct necessary to demonstrate a cause of action for punitive damages. See Gamiel v. Curtis & Riess-Curtis, P.C., 16 A.D.3d 140, 791 N.Y.S.2d 78 (1st Dept. 2005), citing Swersky v. Dreyer & Traub, 219 A.D.2d 321, 328, 643 N.Y.S.2d 33 (1st Dept. 1996).   Accordingly the plaintiff's request for punitive damages must be denied as a matter of law.

### POINT IV

### PLAINTIFF CANNOT RECOVER THE RELIEF SOUGHT IN THE FIRST AND FIFTH CAUSE OF ACTION FROM THE MOVANT

The plaintiff seeks equitable and injunctive relief in the First (Declaratory Judgment on the Ownership of Three Amigos SJL Inc.) and Fifth (Conversion of Shares) Causes of Action, which the Movant cannot provide.   Specifically, the Movant is not capable of returning shares of the corporation, as he is not the person(s) who are alleged to have improperly acquired the same and there is no allegation that the Movant claims an ownership interest. As such, the Movant is not a proper party with respect the First and Fifth cause of action.

"A proper party is one against whom plaintiff asserts any right to relief jointly, severally or in the alternative, arising out of the same set of transactions or occurrences."

19

Stewart Tenants Corp. v. Square Industries, Inc., 269 A.D.2d 246, 248, 703 N.Y.S.2d 453, 455 (1st Dept. 2000), *citing* CPLR §1002(b) (emphasis added).  To remain a proper party, the Movant "must be a party against whom there exists a right to relief on behalf of [Plaintiff]."  See Joanne S. v. Carey, 115 A.D.2d 4, 8, 498 N.Y.S.2d 817, 820 (1st Dept. 1986); Matter of Fuller, 86 Misc.2d 672, 673, 383 N.Y.S.2d 186, 188 (Fam Ct 1976).

Here, plaintiff has not and cannot allege that the Movant is claiming an interest in the subject property, and the Movant unequivocally never claimed such an interest in the subject property.  Moreover, it is axiomatic that it is not within the Movant's power to: a) set aside any ownership interest the co-defendants hold in Three Amigos SJL Inc.; b) declare plaintiff the sole owner of Three Amigos SJL Inc.; or c) return shares in Three Amigos SJL Inc. to the plaintiff.  As such, the plaintiff's First and Fifth Causes of Action against the Movant must be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's Complaint against defendant Mehler & Buscemi must be dismissed in its entirety, with prejudice, together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        January 21, 2008

                                Yours, etc.,

                                KAUFMAN BORGEEST & RYAN LLP

                                By: _____
                                    A. Michael Furman, Esq.
                                    Attorneys for Defendant
                                    MEHLER & BUSCEMI
                                    99 Park Avenue
                                    New York, New York 10016

To:    Paul J. Giacomo, Esq.
       Attorneys for Plaintiff
       405 Lexington Avenue, 37th Floor
       New York, New York 10174

       Jonathan Lovett,Esq.
       Lovett & Gould LLP
       Attorneys for Shirell Weisblat, Charles Weisblat
       Charlie Casanova, Inc., Selim Zherka and Steven Asland
       222 Bloomingdale Road
       White Plains, New York 10605