UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LARRY GRIBLER, suing both individually and
as controlling shareholder of THREE AMIGOS SJL,
INC. d/b/a CHEETAHS GENTLEMEN'S CLUB,

                                                                                                  07 Civ. 11436 (nrb)

                            Plaintiff,

      -against-

SHIRELL WEISBLAT, aka SHRIELL
WEISBLAT, CHARLES WEISBLAT,
CHARLIE CASANOVA, INC.,
SELIM ZHERKA, STEVE ASLAND,
and MEHLER & BUSCEMI,

                            Defendants.

-------------------------------------------------------------------x

## PLAINTIFFS LARRY GRIBLER'S AND THREE AMIGOS SJL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND TO STATE COURT PURSUANT TO 28 USC § 1446

### PRELIMINARY STATEMENT

The within Memorandum of Law is submitted in support of the instant motion of Plaintiffs LARRY GRIBLER and THREE AMIGOS SJL, INC. seeking an order and/or judgment (1) remanding the action to the Supreme Court of New York, County of New York pursuant to the United States Code (U.S.C.) § 1447; and (2) and for such other and further relief as this Court deems just and proper under the circumstances.

### STATEMENT OF FACTS

The facts underlying the instant application will not be restated herein, but rather, the Court is respectfully referred to the accompanying Affirmation of Paul J. Giacomo, Jr., Esq.

sworn to on January 18, 2008, and the Exhibits annexed thereto, for a full and complete recitation of the facts underlying this motion.

### REQUIREMENTS OF 28 U.S.C. §§ 1441(a) AND 1446

1. 28 U.S.C. § 1446 provides, in pertinent part:

    (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

    (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2. U.S.C. § 1447 provides, in pertinent part:

    (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

3. This Motion for Remand has been filed within thirty days of removal; all procedural and jurisdictional objections are timely.

## LEGAL STANDARDS GOVERNING REMOVAL

**A. The Court Must Satisfy Itself that Federal Subject Matter Jurisdiction is Proper or Remand the Action.**

4. The district court must be certain that federal subject matter jurisdiction is proper and dismiss or remand cases not properly before it. See, e.g., Marathon Oil Cp. v. Ruhrgas, A.G., 115 F.3d 315 (5th Cir. 1997) (remanding, concluding that "constitutional and statutory authority and the overwhelming body of precedent [command] all federal courts to scrutinize assiduously subject matter jurisdiction at each stage of litigation, trial and appellate, and to dismiss cases not properly before us"); Bank of Tokya-Mitsubishi v. Kvaerner, 243 A.D.2d 1 (1st Dept 1998).

5. If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court. 28 U.S.C. § 1447; see eg. MARTIN v. FRANKLIN CAPITAL CORP., 546 U.S. 132 (U.S. 2005); regarding the right of removal: "A remand is necessary if a defendant improperly asserts this right;" G & H PARTNERS AG v. WEXTRUST CAPITAL, LLC (S.D.N.Y. 1-4-2008); BELLO v. CSX CORPORATION (S.D.N.Y. 9-11-2007). Because the existence of federal subject matter jurisdiction is a constitutional requirement, there is substantial case law to

the effect that the district court may remand a removed case in which the lack of subject matter jurisdiction is discovered at any time prior to the entry of judgment. 28 U.S.C. § 1447.

6. Although this motion is filed within thirty days to preserve procedural objections, any issues respecting jurisdictional infirmities remain open for consideration until entry of judgment.

**B. The Burden of Establishing Removal Jurisdiction is On the Party Seeking Removal, *Not* the Party Seeking Remand to State Court.**

7. It is also well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction (here some Defendants Shirell Weisblat, aka Shriell Weisblat, Charles Weisblat, Charlie Casanova, Inc. Selim Zherka, and Steve Asland), not the party moving for remand to state court (here, Plaintiffs), to show that the requirements for removal have been met. Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2nd Cir. 2006) "An old proverb teaches that 'Heaven suits the back to the burden.' ...It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *See also*, Hughes v. La Salle Bank, 06-3778-cv (2nd Cir. 11-19-2007) Pinson v. Knoll, Inc., (S.D.N.Y. 6-18-2007) "A removing party must establish that the federal courts have jurisdiction "to a reasonable probability." The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute.

8. When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. Groman v. Cola (S.D.N.Y. 11-7-2007); "As removal is a statutory and not constitutional prerogative, federal courts must narrowly construe removal jurisdiction in favor of the non-removing party to prevent intrusion on the sovereignty of state

courts to decide cases properly before them." *See also*, Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 107-09, (1941); Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp. 2d 376, 378 (S.D.N.Y. 2000).

## SUMMARY OF GROUNDS FOR REMAND.

### A. Procedural Grounds.

#### 1. *Removal Requires Unanimity Among Defendants.*

9.    The procedural requirements for removal under 28 USC § 1446 are strictly enforced. These requirements include, *inter alia*, the unanimity requirement of joinder by all defendants. This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the defendant or the defendants" may remove the case. The courts have read these words to mean that if there is more than one defendant, then the defendants must act collectively and unanimously to remove the case. In Re Methyl Tertiary, 488 F.3d 112 (2nd Cir. 2007); "removal on the basis of preemption or a substantial federal question— unlike removal under the federal officer or bankruptcy removal statutes — requires the consent of all defendants." *See also* Chicago, Rock Island & Pac. R.R. Co. v. Martin, 178 U.S. 245, 247-48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3731, at 258 (3d ed.1998).

10.    The Notice of Removal by some Defendants Shirell Weisblat a/k/a Shriell Weisblat, Charles Weisblat, Charlie Casanova, Inc., Selim Zherka a/k/a Sam Zherka, and Steve Asland does not represent that Defendant Mehler & Buscemi consents to the removal.

11.    Therefore, the Notice is flawed on its face and the action should be remanded.

### B. <u>Lack of Subject Matter Jurisdiction</u>

**1.** *The presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.*

12. Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. District courts may not exercise jurisdiction absent a statutory basis. EXXON MOBIL CORP. v. ALLAPATTAH SERVICES, INC., 545 U.S. 546 (2005) "Incomplete diversity destroys original jurisdiction with respect to all claims, leaving nothing to which supplemental claims can adhere;" *see also*, KOKKONEN v. GUARDIAN LIFE INS. CO. OF AMER., 511 U.S. 375 (1994); CATERPILLAR INC. v. LEWIS, 519 U.S. 61 (1996).

13. But in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. EXXON MOBIL CORP. v. ALLAPATTAH SERVICES, INC., 545 U.S. 546 (2005).

14. Some of the Defendants assert in their Notice of Removal that there is complete diversity between Plaintiffs and Defendants. Yet Three Amigos SJL, Inc. is a New York corporation and, upon information and belief, all of the Defendants are considered citizens of the State of New York (See Affirmation of Paul J. Giacomo, Jr. dated January 18, 2008). In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. Clearly, complete diversity does not exist between Plaintiffs and Defendants.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court grant the instant motion in its entirety.

Dated: New York, New York
       January 22, 2008

                          Respectfully submitted,

                          By: Paul J. Giacomo, Jr. (PG8774)
                          Law Offices of Paul J. Giacomo, Jr.
                          Attorneys for Plaintiff
                          405 Lexington Avenue, 37th Floor
                          New York, New York 10174
                          (212) 486-0200