UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LARRY GRIBLER, suing both individually and as
controlling shareholder of THREE AMIGOS SJL, INC,
d/b/a CHEETAHS GENTLEMENS CLUB &
RESTAURANT,                                                                    07 Civ. 11436 (NRB)

                                       Plaintiffs,

                                  -against-

SHIRELL WEISBLAT a/k/a/ SHRIELL WEISBLAT,
CHARLES WEISBLAT, CHARLIE CASANOVA,
INC., SELIM ZHERKA a/k/a SAM ZHERKA,
STEVE ASLAND, and MEHLER & BUSCEMI,

                                    Defendants.
------------------------------------------------------------x

### MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REMAND THIS ACTION TO NEW YORK STATE COURTS

#### Preliminary Statement

Defendants Shirell Weisblat, Charles Weisblat, Charlie Casanova, Inc., Selim Zherka and Steve Asland, who collectively removed this action from New York State Court on diversity grounds, submit this memorandum in opposition to the application of Plaintiff Larry Gribler to remand the action on the alternative premises that: i) Defendant Mehler & Buscemi has not indicated that it consents to the removal; and/or ii) that Three Amigos SJL, Inc. is a New York corporation which - - although not a named plaintiff - - somehow or other defeats diversity jurisdiction.

## POINT I

## THERE IS NO LACK OF UNANIMITY

To the extent Plaintiff Gribler suggests that Defendant Mehler & Buscemi has not indicated its consent to federal jurisdiction, we believe he is in error. That Defendant has filed a substantive motion to dismiss the complaint with this Court, manifestly evidencing its consent to the removal.

## POINT II

## SINCE THE CORPORATION IS NOT A PLAINTIFF, ITS STATE OF INCORPORATION HAS NO EFFECT ON DIVERSITY JURISDICTION

As his alternative basis for remand Plaintiff Gribler contends that "Plaintiff THREE AMIGOS SJL, INC. [is] a domestic business corporation duly organized and existing pursuant to the laws of the State of New York" (Giacomo Affirmation, para. "2") and that as such "the presence of in the action of a single plaintiff from the same State as a single defendant deprives the [D]istrict [C]ourt of original diversity jurisdiction (*id.* at "18"). Unfortunately plaintiff's counsel's presumably inadvertent sworn assertion that Three Amigos is a "plaintiff" hardly changes the facts.

For it is self-evident that there is but one Plaintiff, Larry Gribler, who is "suing both individually and as controlling shareholder of THREE AMIGOS SJL. INC. d/b/a CHEETAHS GENTLEMENT'S CLUB". And Gribler, as conceded by his own attorney (*id.* at "2") is a citizen of the State of New Jersey.

In short, diversity jurisdiction is complete by reason of the circumstance that each of the Defendants are citizens of the State of New York (*id.* at 4-8).

### Conclusion

The motion to remand should, in all respects, be denied.

Dated: White Plains, N.Y.
      January 24, 2008

                                     LOVETT & GOULD, LLP
                                     By:_____
                                     Jonathan Lovett (4854)
                                     Attorneys for Defendants Shirell Weisblat,
                                         Charles Weisbalt, Charlie Casanova, Inc.,
                                           Selim Zherka, and Steve Asland.
                                     222 Bloomingdale Road
                                     New York, New York 10605
                                     914-428-8401