UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LARRY GRIBLER, suing both individually and
as controlling shareholder of THREE AMIGOS SJL,
INC. d/b/a CHEETAHS GENTLEMEN'S CLUB,

                                                                                                           07 Civ. 11436 (nrb)

                      Plaintiffs,

    -against-

SHIRELL WEISBLAT, aka SHRIELL
WEISBLAT, CHARLES WEISBLAT,
CHARLIE CASANOVA, INC.,
SELIM ZHERKA, STEVE ASLAND,
and MEHLER & BUSCEMI,

                      Defendants.

-----------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN REPLY
AND FURTHER SUPPORT OF MOTION
TO REMAND TO STATE COURT PURSUANT TO 28 USC § 1446**

**POINT I**

**LACK OF UNANIMITY**

As was stated in Plaintiffs' Memorandum of Law in Support, the burden is on the party seeking to preserve the district court's removal jurisdiction, not the party moving for remand to state court, to show that the requirements for removal have been met. Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2nd Cir. 2006). The Defendants Shirell Weisblat, Charles Weisblat, Charlie Casanova, Inc., Selim Zherka, and Steve Asland have not provided this Court with any case law to support their position that the filing of a substantive motion to dismiss the complaint by Defendant Mehler & Bescemi

1

"manifestly evidenc[es] its consent to the removal" (Memorandum of Law in Opposition to Motion to Remand This Action to New York State Courts, Point I). Furthermore, the Defendants have not provided any evidence that Defendant Mehler & Bescemi timely consented to the removal.

The Notice of Removal filed by the Defendants Shirell Weisblat, Charles Weisblat, Charlie Casanova, Inc., Selim Zherka, and Steve Asland, does not indicate on its face that the Defendant Mehler & Buscemi joined in the Notice of Removal or consented. Although it is not necessary that all defendants sign the notice of removal, each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the first defendant was served. 28 U.S.C. § 1446(b); Getty Oil Corporation v. Insurance Company of North America, 841 F.2d 1254, 1262-63 (5th Cir.1988). The Fifth Circuit Court of Appeals has held that there must be a **timely** filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal. Getty Oil, 841 F.2d at 1262 n. 11.

There is no evidence from Lovett & Gould, LLP, attorneys for the Defendants Shirell Weisblat, Charles Weisblat, Charlie Casanova, Inc., Selim Zherka, and Steve Asland, who bear the burden in this motion, that they were authorized to file a Notice of Removal on behalf of Defendant Mehler & Buscemi or that Defendant Mehler & Buscemi ever consented to the removal. The filing of a time barred substantive motion by Defendant Mehler & Buscemi does not constitute an independent and unambiguous joinder or consent by Defendant Mehler & Buscemi. Even if the filing of the motion to dismiss by the Defendant Mehler & Buscemi could be construed as consent, its filing was

significantly after thirty days from the day on which the first defendant was served, and therefore would not be timely.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court grant the instant motion in its entirety.

Dated: New York, New York
February 12, 2008

Respectfully submitted,

By: Paul J. Giacomo, Jr. (PG8774)
Law Offices of Paul J. Giacomo, Jr.
*Attorneys for Plaintiffs*
405 Lexington Avenue, 37th Floor
New York, New York 10174
(212) 486-0200