

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LARRY GRIBLER, suing both individually
and as controlling shareholder of
THREE AMIGOS SJL, INC. d/b/a CHEETAHS
GENTLEMENS CLUB & RESTAURANT.

                Plaintiff,

- against -

SHIRELL WEISBLAT a/k/a SHRIELL WEISBLAT,
CHARLES WEISBLAT, CHARLIE CASANOVA, INC.,
SELIM ZHERKA a/k/a SAM ZHERKA, STEVE
ASLAND and MEHLER & BUSCEMI,

                Defendants.
------------------------------------X

MEMORANDUM AND ORDER

07 Civ. 11436 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    On December 20, 2007 defendants Shirell Weisblat, Charles Weisblatt, Charlie Casanova, Inc., Selim Zherka and Steve Asland removed this case from the Supreme Court of New York, County of New York to this Court, based on diversity of citizenship under 28 U.S.C. § 1332.  Plaintiff Larry Gribler is a resident of New Jersey, while all defendants are residents of New York or New York entitites.[1]

    On January 22, 2008 Gribler moved to remand the case to state court, asserting two alternative arguments: (1) that there is not complete diversity of citizenship because Gribler brings suit both individually and as controlling shareholder of Three Amigos SJL

---

[1] The residence of the parties is not in dispute.  See Affirmation of Paul J. Giacomo Jr., at ¶¶ 2-9.

Inc., which is a New York corporation; and (2) that there is not complete unanimity of defendants in seeking removal since defendant Mehler & Buscemi, a New York law firm, did not join in the other defendants' Notice of Removal nor have they timely and unambiguously consented to removal.

Also on January 22, 2008 defendant Mehler & Buscemi filed a motion to dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

From the parties' motions papers, it appears that plaintiff has now abandoned his argument relating to complete diversity, but maintains that remand is appropriate based on the lack of unanimity of the defendants in consenting to removal.[2] Plaintiff avers that Mehler & Buscemi's January 22, 2008 motion to dismiss was not a timely manifestation of consent, nor was it unambiguous. Defendants Shirell Weisblat, Charles Weisblatt, Charlie Casanova, Inc., Selim Zherka and Steve Asland oppose the motion for remand, arguing that Mehler & Buscemi's motion to dismiss does "manifestly evidenc[e] its consent to the removal."[3]

## DISCUSSION

---

[2] See Plaintiff's Memorandum of Law In Reply and Further Support of Motion to Remand to State Court Pursuant to 28 U.S.C. § 1446, at 1-2.

[3] Defendants Shirell Weisblat, Charles Weisblatt, Charlie Casanova, Inc., Selim Zherka and Steve Asland's Memorandum of Law in Opposition to the Motion to Remand This Action to New York State Courts, at 2.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." This provision is to be construed strictly in favor of remand, see, e.g., Leslie v. BancTec Serv. Corp., 928 F.Supp. 341, 347 (S.D.N.Y. 1996), out of "[d]ue regard for the rightful independence of state governments," Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941). "The burden of proving federal removal jurisdiction," therefore, "is on the party seeking to preserve removal, not the party moving for remand." Pan Atlantic Group, Inc. v. Republic Ins. Co., 878 F.Supp. 630, 638 (S.D.N.Y. 1995).

Under 28 U.S.C. § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." Although there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the "rule of unanimity." Smith v. Kinkead, No. 03 Civ. 10283, 2004 WL 728542, at *2-3 (S.D.N.Y. Apr. 5, 2004)(citing Payne v. Overhead Door Corp., 172 F.Supp.2d 475, 476-77 (S.D.N.Y. 2001)); Ell v. S.E.T.

Landscape Design, Inc., 34 F.Supp.2d 188, 193 (S.D.N.Y. 1999) (collecting cases demonstrating "widespread agreement among the district courts, including those in the Second Circuit," regarding this principle). See also Bailey v. Boston Scientific Corp., No. 07-CV-2949(SLT)(VVP) 2007 WL 4180798, at *3 (E.D.N.Y. Nov 20, 2007). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." Codapro Corp. v. Wilson, 997 F.Supp. 322, 325 (E.D.N.Y. 1998)(quoting Michaels v. New Jersey, 955 F.Supp. 315 (D.N.J. 1996)); see also Payne, 172 F.Supp.2d at 477 (noting that "the majority of courts interpret 'consent' to mean that each defendant must submit written consent unambiguously agreeing to removal"); Ell, 34 F.Supp.2d at 193 (stating that "'unambiguous written evidence of consent' by all defendants is required" (quoting Codapro, 997 F.Supp. at 325)).[4]

Further, courts have routinely held that a co-defendant's mere filing of an answer or a motion to dismiss does not manifest unambiguous consent to removal. See, e.g., Unicom Systems, Inc. v.

---

[4] The only exceptions to this rule are where "(i) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (ii) the non-joining defendants are nominal parties; or (iii) the removed claim is a separate and independent cause of action as defined by 28 U.S.C. § 1441(c)." Anglada v. Roman, No. 06 Civ. 10173, 2006 WL 3627758, at *1 (S.D.N.Y. Dec. 12, 2006) (citing Varela v. Flintlock Construction, Inc., 148 F.Supp.2d 297, 300 (S.D.N.Y. 2001)). These exceptions are inapplicable in this case.

National Louis University, 262 F.Supp.2d 638 (E.D.Va. 2003)(co-defendant's answer was not an unambiguous manifestation of consent to removal); Hicks v. Emery Worldwide, Inc., 254 F.Supp.2d 968 (S.D. Ohio 2003)(co-defendant's answer and motion to dismiss were insufficient to constitute consent).

Here, defendant Mehler & Buscemi's January 22, 2008 motion to dismiss contains no unambiguous manifestation of consent to removal.

Moreover, Mehler & Buscemi's motion to dismiss was not filed within 30 days of service of the summons and complaint on Mehler & Buscemi.  Mehler & Buscemi was served with a copy of the summons and complaint on December 3, 2007, but did not file the motion to dismiss until January 22, 2008.

Finally, any attempt by Mehler & Buscemi to consent to removal at the present time would be in vain.  See Payne, 172 F.Supp.2d at 476 (affidavits consenting to removal filed after the thirty day window had expired were insufficient to comply with the removal statute).

Thus, given that the removal statute is to be construed strictly, and that the only evidence of Mehler & Buscemi's consent to removal is their motion to dismiss which was not timely nor unambiguous, defendants have failed to show that his case should be removed.

-5-

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this action to state court is granted. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:  New York, New York
        February 25, 2008

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

Paul J. Giacomo, Jr., Esq.
The Chrysler Building
405 Lexington Avenue, 37th Floor
New York, NY 10174

Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, NY 10605

A. Michael Furman, Esq.
99 Park Avenue
New York, NY 10016